IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SOLOMON,<br><br>    Plaintiff,<br><br>    v.<br><br>JONATHAN SHELDON, et al.,<br><br>    Defendants. | No. 2:18-CV-3012-JAM-DMC-P<br><br>FINDINGS AND RECCOMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1997. Pending before the court are: (1) defendant Sheldon's motion to dismiss (ECF No. 34); and (2) defendants Aranda, Martinez, and Young's motion to dismiss (ECF No. 35).

///
///
///
///
///
///
///
///

1

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's first amended complaint. See ECF No. 26. Plaintiff names the following as defendants: (1) Jonathan Sheldon; (2) J. Martinez; (3) Aranda; and (4) Young. See id. at pg. 3. It is unclear from plaintiff's first amended complaint what his incarceration or detention status was at the time of the alleged incident.[1]

Plaintiff claims that, on August 27, 2017, he was under the protection and escort of Shasta County Deputies Young, Aranda, and Martinez. See ECF id. at 4. Prior to entering an elevator in the Shasta County Jail, plaintiff was ordered by Redding Police Officer Jonathan Sheldon to "face the wall." Id. After this, plaintiff alleges that:

> . . . Police Officer Jonathan Sheldon,took [sic] it upon himself, to provocate an aggressive verbal assault,and [sic] aggravate plaintiff,by [sic] assaulting and pushing the plaintiff while under, [sic] the protection of the three deputies [Martinez, Aranda, and Young].
>
> ECF No. 26, pg. 4

Plaintiff's complaint lays out four claims for relief. In his first claim, plaintiff alleges that defendants Martinez, Aranda, and Young failed to protect him from defendant Sheldon's assault, in violation of his rights under the Eighth and Fourth Amendments, as well as 42 U.S.C. § 1981. See id. at 5. In his second claim for relief, plaintiff similarly contends he was subject to "excessive force" arising from the failure of defendant Martinez, Aranda, and Young to protect him from defendant Sheldon's assault, in violation of the Fourth and Fourteenth Amendments. See id. In this third claim for relief, plaintiff asserts that defendant Sheldon's assault and the other defendants' failure to protect violated his rights under the Fourth and Eighth Amendments, as well as 42 U.S.C. § 1985(3). See id. at 6. In his fourth claim for relief, plaintiff alleges that defendant Sheldon's conduct violated 42 U.S.C. § 1997(d). See id.

///

---

[1] Defendant Sheldon's motion to dismiss operates under the assumption that plaintiff was a pre-trial detainee. See ECF No. 34-1, pg. 7. Defendant's Martinez, Aranda, and Young's motion to dismiss operates under the assumption that plaintiff was a convicted prisoner. See ECF No. 35, pg. 4. In his opposition to both motions, plaintiff provides clarification and states that "Plaintiff Solomon was a County Jail Inmate being held for trial. . . ." Therefore, it is the understanding of the court that plaintiff was in fact a pre-trial detainee at the time of the incident at issue.

2

## II. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

///

///

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

**A. Claims Against Defendants Aranda, Martinez, and Young**

In their motion to dismiss, defendants Aranda, Martinez, and Young argue that each of plaintiff's three claims for relief against them fails to allege facts upon which relief can be granted.[2] Defendants Aranda, Martinez, and Young also address plaintiff's references to the First and Fifth Amendments.

1. First Claim for Relief

In his first claim, plaintiff alleges that defendants Martinez, Aranda, and Young failed to protect him from defendant Sheldon's assault, in violation of the Eighth and Fourth Amendments, as well as 42 U.S.C. § 1981. According to defendants Martinez, Aranda, and Young, plaintiff's claims under § 1981 are not appropriate because the case does not involve racial animus with respect to the making or enforcement of a contract. Defendants also argue the Fourth Amendment has no application in this case because plaintiff states he was a prisoner at the

---

[2] Plaintiff's first, second, and third claims are alleged as against all defendants. Plaintiff fourth claim for relief is alleged as against defendant Sheldon only.

time of the events alleged. Finally, defendants contend plaintiff cannot maintain a "direct cause of action under the Eighth Amendment against a municipal entity." ECF No. 35, pg. 4.

        i.        <u>Applicability of § 1981</u>

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C.S. § 1981(a). Defendants are correct in arguing that "[t]here are no facts in the [complaint] suggesting any contractual relationship was impaired by these defendants due to racial discrimination." ECF No. 35, pg. 4. Therefore, plaintiff's action may not proceed under § 1981.

        ii.        <u>Applicability of the Fourth/Fourteenth Amendment</u>

According to defendants Martinez, Aranda, and Young, the Fourth Amendment does not apply in this case because plaintiff admits he was a "prisoner." Defendants cite <u>Low v. Stanton</u>, 2009 WL 467584 *4-6 (E.D. Cal. 2009) (". . . Eight Amendment applies only to convicted prisoners . . ."). As defendant Sheldon notes in his motion to dismiss, plaintiff was convicted and sentenced on October 17, 2017 – after the date of the alleged incident.[3] Moreover, plaintiff has clarified, he alleges he was a pre-trial detainee at the time of the alleged incident. <u>See</u> ECF No. 36, pg. 2 ("Plaintiff Solomon was a County Jail Inmate being held for trial . . ."). Because plaintiff was a pre-trial detainee, the Fourteenth Amendment applies and claims of excessive force are analyzed under the Fourth's Amendment's objective reasonableness standard[4]. <u>See</u> <u>Acasio v. Lucy</u>, No. 14-cv-04689-JSC, 2017 U.S. Dist. LEXIS 54692, at *29-30

---

    [3]    The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. <u>See</u> <u>U.S. v. 14.02 Acres of Land</u>, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, <u>see</u> <u>Kasey v. Molybdenum Corp. of America</u>, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, <u>see</u> <u>Chandler v. U.S.</u>, 378 F.2d 906, 909 (9th Cir. 1967). Here, the date of plaintiff's sentence and conviction is a matter of public state court record.

    [4]    There appears to be some confusion as to whether plaintiff is attempting to make an excessive force claim under either the Fourth or Fourteenth Amendment. Plaintiff's complaint alternates between labeling his excessive force claims as either a Fourth or Fourteenth Amendment violation. <u>See</u> ECF No. 26, generally. For the purposes of this analysis, it is

(N.D. Cal. Apr. 10, 2017) ("The Due Process Clause of the Fourteenth Amendment protects pretrial inmates from excessive force. To determine whether an officer violates a pretrial detainee's constitutional rights by using excessive force, the Court considers whether the use of force violates the standard of reasonableness set forth in the Fourth Amendment.")

### iii. Direct Eighth Amendment Claim Against Municipal Entity

While defendants are correct that there is no direct Eighth Amendment claim against a municipal entity because such claims arise by way of incorporation of the Bill of Rights into the Fourteenth Amendment, see McDonald v. City of Chicago, 561 U.S. 742 (2010), the point is a mere technicality given that plaintiff specifically references the Fourteenth Amendment in his pleading and defendants concede "elsewhere in the FAC, plaintiff does correctly attempt to bring a [constitutional] claim under 42 U.S.C. § 1983. . . ." ECF No. 35, pg. 4.

### 2. Second Claim for Relief

In his second claim for relief, plaintiff contends he was subject to "excessive force" arising from the failure of defendant Martinez, Aranda, and Young to protect him from defendant Sheldon's assault, in violation of the Fourth and Fourteenth Amendments. Defendants Martinez, Aranda, and Young argue in their motion to dismiss that plaintiff's allegations of de minimus use of force cannot sustain an excessive force claim under the Eighth Amendment. Defendants also argue that the facts alleged by plaintiff fail to support liability under either a "failure to protect" or a "duty to intercede" theory.

As indicated above, the court finds that Fourth Amendment, not Eighth Amendment, standards apply here because plaintiff was a pre-trial detainee at the time of the events alleged. Defendants argue that plaintiff's allegation of a push, coupled with no allegations of physical injury, amounts to merely a de minimis use of force, and therefore does not state a claim of excessive force under the Eighth Amendment. See ECF No. 35, pgs. 4-5. Defendants'

---

sufficient to state that either amendment operates under an "objective reasonableness" standard in this context. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2475-76 (2015) (objective reasonableness standard applied to pre-trial detainee Fourteenth Amendment claims); see also Acasio v. Lucy, No. 14-cv-04689-JSC, 2017 U.S. Dist. LEXIS 54692, at *29-30 (N.D. Cal. Apr. 10, 2017) (objective reasonableness standard applied to pre-trial detainee Fourth Amendment claims).

argument stems from the position that plaintiff was a convicted prisoner at the time of the incident, and that a subjective reasonableness standard should apply under the Eighth Amendment. As discussed above, this court considers plaintiff to have been a pretrial detainee at the time of the incident and, as such, an objective reasonableness standard should apply. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2475-76 (2015); see also Acasio v. Lucy, No. 14-cv-04689-JSC, 2017 U.S. Dist. LEXIS 54692, at *29-30 (N.D. Cal. Apr. 10, 2017). Under such a standard, it is clearly established that ". . .when no force is necessary, any force—including a push—is unreasonable. . ." Acasio v. Lucy, No. 14-cv-04689-JSC, 2017 U.S. Dist. LEXIS 54692, at *28 (N.D. Cal. Apr. 10, 2017). Therefore, the court rejects defendants' argument that the allegation of a de minimus use of force is insufficient in this case.

Defendants Martinez, Aranda, and Young also argue that plaintiff's first claim for relief may not stand because plaintiff has not asserted facts sufficient to establish liability under a "failure to protect" theory. While the court analyzes this claim under a different standard than the one used by defendants (Fourth/Fourteenth Amendment as opposed to Eighth Amendment), the court nonetheless reaches the same conclusion as defendants – plaintiff has failed to state a valid claim against the defendants under a "failure to protect" theory.

The failure of government agents to protect a pretrial detainee is actionable if two conditions are met: (1) the officer's conduct with respect to the plaintiff was intentional; and (2) there was a substantial risk of serious harm to the plaintiff that could have been eliminated through reasonable and available measures that the officer did not take. See Castro v. Cty. of L.A., 833 F.3d 1060, 1070-71 (9th Cir. 2016). In addressing the factual context of plaintiff's complaint, defendants assert that:

> There are . . . no facts even suggesting that the push was anything other than a spontaneous action by defendant Sheldon of which the County defendants had no prior knowledge, and their conduct thus cannot constitute "disregard" or failure to take "reasonable measures to abate" any putative risk to plaintiff's health and safety. To the extent the "failure to protect" theory is applicable to this case, the complaint does not allege sufficient facts to support a claim for relief based on that theory.

ECF No. 35, pg. 6

///

Here, the court agrees. Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff's complaint is nearly devoid of factual allegations as to the conduct of defendants Martinez, Aranda, and Young. Nothing in the complaint claims that the defendants were aware of any substantial risk to plaintiff's safety, or that they failed to take reasonable measures. Instead, plaintiff couches all mention of defendants in conclusory language that fails to clarify the causal connection between their individual actions or inactions and an alleged constitutional deprivation. Therefore, plaintiff has failed to state a claim under a theory of a "failure to protect."

Finally, defendants Martinez, Aranda, and Young argue that plaintiff's claim also fails under a "duty to intercede" theory. See ECF No. 35, pg. 7. "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." <u>Cunningham v. Gates</u>, 229 F.3d 1271, 1289-90 (9th Cir. 2000) (citing <u>United States v. Koon</u>, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), <u>rev'd on other grounds</u>, 518 U.S. 81, 135 L. Ed. 2d 392, 116 S. Ct. 2035 (1996). However, officers can be held liable for failing to intercede only if they had an opportunity to intercede. <u>Id.</u> (referencing <u>Gaudreault v. Municipality of Salem</u>, 923 F.2d 203, 207 n.3 (1st Cir. 1990) (granting arresting officers' motion for summary judgment because the officers had no "realistic opportunity" to prevent an attack committed by another officer)). Here, defendants argue that:

> The complaint on its face thus alleges spontaneous and unprovoked conduct. Those allegations, which describe a sudden, unexpected use of force, do not present facts showing, or allowing the inference, that the County defendants had a "realistic" opportunity to intercede to prevent the putative violation. As this Court has stated, "[p]laintiff points to no authority, nor is this Court aware of any, standing for the proposition that, even if an officer is in close proximity to the [officer using force], such a small span of time is sufficient to intervene." <u>Willis</u>, 2014 WL 4385642 at *4 (granting motion to dismiss on failure to intervene claim).

ECF No. 35, pg. 7.

The court finds this argument convincing. The basis of plaintiff's claim is that Officer Sheldon intentionally, and without provocation, pushed him. Aside from this, plaintiff provides no further facts which might illuminate whether defendants Martinez, Aranda, or Young could have reasonably intervened. As pled, plaintiff's complaint does not lead to a reasonable inference that the defendants had a reasonable opportunity to step in and then failed to do so. Therefore, plaintiff has also failed to state a claim under a theory of a "failure to intervene."

### 3. Third Claim for Relief

In this third claim for relief, plaintiff asserts that defendant Sheldon's assault and the other defendants' failure to protect violated his rights under the Fourth and Eighth Amendments, as well as 42 U.S.C. § 1985(3). Defendants contend:

> Plaintiff's Third Claim for Relief alleges a conspiracy between defendants under 42 U.S.C. section 1985(3). Liability under § 1985(3) requires proof of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Nakao v. Rushen, 542 F. Supp. 856, 859 (N.D. Cal. 1982) (state prisoners not a protected class cognizable under section 1985). The [complaint] contains no allegations of any "class based invidious discrimination", racial or otherwise, and the Third Cause of Action must be dismissed accordingly.

ECF No. 35, pg. 8

Here, the court agrees. Plaintiff makes no allegations of a conspiracy to engage in racial discrimination, nor can one plausibly be inferred. Therefore, plaintiff 's allegations fail to state a claim for violation of 42 U.S.C. §1985(3). See Griffin, 403 U.S. at 102.

### 4. Plaintiff's References to the First Amendment and Fifth Amendment

Plaintiff refers to the First and Fifth Amendments in his first amended complaint.

#### i. First Amendment

Plaintiff states:

> Plaintiff . . . has brought the First Amendment [sic] civil Complaint for the violation of 1-First Amendment right violation by retaliatory act.
>
> * * *
>
> . . . the plaintiff was simply making a verbal statement when he was retaliate[d] against . . .

ECF No. 26, pgs. 1-2.

9

As to plaintiff's First Amendment claim, defendants argue:

> Here, as a threshold matter, the only allegation that even arguably implicates the First Amendment is the conclusory statement that Redding Police Officer Sheldon "retaliate[d]" against plaintiff for making a "verbal statement." (E.D. Docket No. at p.2). There are no facts alleged as to the content of the "verbal statement" such that defendants and the Court might ascertain if the statement could be considered constitutionally protected speech. See Miller v. City of Los Angeles, 2014 WL 12614470 at *8 (C.D. Cal. 2014) (plaintiff obligated to plead facts showing that speech is protected).
>
> * * *
>
> Even were the foundational allegations sufficient, which they are not, there are no non-conclusory allegations in the [complaint] plausibly showing that the Shasta County defendants themselves acted with a retaliatory motive, and that their motive caused plaintiff any injury. Nieves, 139 S.Ct. at 1722.

ECF No. 35, pgs. 8-9.

To the extent plaintiff attempts to state a retaliation claim[5] against any defendant, this court agrees that he has failed. To state a constitutional claim for retaliation in this context, the plaintiff must establish the following: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). The broad and vague nature of plaintiff's complaint is similarly troublesome here. Plaintiff's complaint makes no allegations that the defendants Martinez, Aranda, or Young acted with a retaliatory motive. Also, despite alleging that defendant Sheldon pushed plaintiff for "making a verbal statement", plaintiff provides no further factual context. See ECF No. 26, pg. 2. There is no reference to what sort of verbal exchange occurred between Sheldon and plaintiff, nor whether plaintiff's verbal statements could constitute protected conduct. Therefore, plaintiff has failed to properly articulate a retaliation claim against defendants.

///

---

[5] Plaintiff's fourth claim for relief alleges that defendant Sheldon violated 42 U.S.C. § 42 U.S.C. § 1997(d), and/or (e). See ECF No. 26, pg. 6. Neither subdivision specifically grants plaintiff an actionable claim, however, it appears that plaintiff is attempting to articulate a retaliation claim against Sheldon under the First Amendment.

10

|   |   |   |
|---|---|---|
| 1 | | ii. <u>Fifth Amendment</u> |
| 2 | | Plaintiff states that: |

> The violation of the Fourth and Fifth Amendment arrive[d] when Sheldon Jonathan walked between Martinez, Aranda and Young to commit his assault on Timothy person, with no consent.

ECF No. 26, pg. 2.

As to plaintiff's Fifth Amendment claim, defendants argue:

> Plaintiff alleges that "the violation of the Fourth and Fifth Amendment arrive when Sheldon Jonathan walked between Martinez, Aranda and Young to commit his assault on Timothy person, with no consent." (E.D. Docket No. 26 at p.2). It is not at all clear what aspect of the Fifth Amendment plaintiff means to suggest that Officer Sheldon violated. Insofar as it appears that it is the "assault" by a police officer in the county jail that constitutes the "violation", the claim falls under either the Eighth or Fourteenth Amendments as discussed above, not the Fifth. See Hunt v. Matevousian, 336 F.Supp.3d 1139, 1168-1169 (E.D.Cal. 2018). And here again, there are no facts showing how the County defendants deprived plaintiff of any rights protected under the Fifth Amendment. Plaintiff's Fifth Amendment claim should be dismissed as well.

ECF No. 35, pg. 9

Here, the court also agrees with defendants. Plaintiff's complaint is short on factual allegations and, in this context, does not provide a well-articulated Fifth Amendment claim under either an equal protection or due process theory.  Plaintiff states no facts which suggests he was deprived of either substantive or procedural due process. Nor does plaintiff allege that he was subject to some class-based distinction that might support an equal protection claim. Therefore, plaintiff has similarly failed to state a valid Fifth Amendment claim against defendants.

### B. <u>Claims Against Defendant Sheldon</u>

Defendant Sheldon argues that all claims against him are barred by the doctrine of qualified immunity.  In making this argument, defendant relies on the contents of a video recording of the alleged incident referenced in plaintiff's original complaint and which defendant asserts the court should now consider even though it is not referenced in the operative first amended complaint.

///

At the outset, the court addresses defendant's contention that the video tape is properly before the court and should now be considered. In plaintiff's original complaint, he referenced a video recording of the alleged incident. See ECF No. 1, pg. 3. Specifically, plaintiff stated the incident was "caught on tape." See id. Defendant Sheldon confirms the existence of such a video recording and submitted a copy to the court. See ECF No. 19, Exhibit A (defendant's motion to dismiss, stricken pursuant to subsequent order). The video recording is not referenced in plaintiff's first amended complaint.

Defendant now seeks consideration of this recording to bolster his argument that plaintiff's claims against him are frivolous and should be dismissed. Specifically, defendant Sheldon argues:

> Here, the Plaintiff's original Complaint states explicitly that the alleged occurrence was "caught on tape." [citation] The "tape" referenced in the Complaint is central to the Plaintiff's claim, because there are no incidents alleged in the Complaint other than the alleged assault which he alleged was "caught on tape. . ." Plaintiff's [first amended complaint] omits the reference to the "tape," but this omission cannot prevent the tape's incorporation by reference. The Plaintiff's factual allegations in the [first amended complaint] are substantially and materially the same as in the original Complaint, therefore the security camera footage referenced in the original Complaint remains central to the Plaintiff's claims.

ECF No. 34-1, pg. 5.

"Review is generally limited to the contents of the complaint, but a court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions the authenticity of the document." Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007). However, "the incorporation by reference doctrine applies *only* when a document is central to plaintiff's claim and no party questions its authenticity." Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1024 (C.D. Cal. 2015). As discussed in Gerristen:

> The doctrine is designed "to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting **documents upon which their claims are based**." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (internal quotation marks and citation omitted)[bold added]; see also United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (explaining that the incorporation by reference doctrine "may apply, for example, when a plaintiff's claim about insurance coverage is based on the

12

> contents of a coverage plan, or when a plaintiff's claim about stock fraud is based on the contents of SEC filings" (citations omitted)).

Id.

Here, defendant seeks the incorporation of the video recording to demonstrate that ". . . Sheldon used minimal physical contact, did not injure the Plaintiff and was directing an uncooperative inmate. . ." ECF No. 34-1, pg. 9. However, from the first amended complaint, it is clear that the plaintiff's claims are not based on the video recording. The doctrine of incorporation by reference is designed to prevent the omission of documents upon which the claim originates. As demonstrated by the authorities above, this is most often in the context of disputes surrounding the contents of the documents themselves, such as insurance agreements or allegedly fraudulent paperwork. Unlike those cases, the video recording here is not the focus of plaintiff's claims against Sheldon. The recording simply offers a factual counter to plaintiff's argument that Sheldon used excessive force. While the recording may prove valuable in determining the truth of plaintiff's allegations, plaintiff's claims are not dependent on the video recording and can stand on plaintiff's factual allegations, which the court must accept. See Scheuer, 416 U.S. at 236. Therefore, the video recording is not entitled to incorporation by reference. The court does not consider the video recording in the context of ruling on defendant Sheldon's motion to dismiss.

Turning to defendant's motion, defendant argues plaintiff's claims against him are barred by the doctrine of qualified immunity. Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In general, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). In ruling upon the issue of qualified immunity, the initial inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. See Saucier v. Katz, 533 U.S. 194, 201 (2001). If a violation can be made out, the next step is to ask whether the right was clearly established. See id. This inquiry "must be undertaken in light

of the specific context of the case, not as a broad general proposition . . . ." Id. "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 202 (citation omitted). Thus, the final step in the analysis is to determine whether a reasonable officer in similar circumstances would have thought his conduct violated the alleged right. See id. at 205.

When identifying the right allegedly violated, the court must define the right more narrowly than the constitutional provision guaranteeing the right, but more broadly than the factual circumstances surrounding the alleged violation. See Kelly v. Borg, 60 F.3d 664, 667 (9th Cir. 1995). For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand [that] what [the official] is doing violates the right." See Anderson v. Creighton, 483 U.S. 635, 640 (1987). Ordinarily, once the court concludes that a right was clearly established, an officer is not entitled to qualified immunity because a reasonably competent public official is charged with knowing the law governing his conduct. See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). However, even if the plaintiff has alleged a violation of a clearly established right, the government official is entitled to qualified immunity if he could have ". . . reasonably but mistakenly believed that his . . . conduct did not violate the right." Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir. 2001); see also Saucier, 533 U.S. at 205.

The first factors in the qualified immunity analysis involve purely legal questions. See Trevino v. Gates, 99 F.3d 911, 917 (9th Cir. 1996). The third inquiry involves a legal determination based on a prior factual finding as to the reasonableness of the government official's conduct. See Neely v. Feinstein, 50 F.3d 1502, 1509 (9th Cir. 1995). The district court has discretion to determine which of the Saucier factors to analyze first. See Pearson v. Callahan, 555 U.S. 223, 236 (2009). In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. See Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

///

For the reasons discussed below, the court finds that defendant Sheldon is not, at this time, entitled to a determination that he enjoys qualified immunity.

1. <u>Violation of a Clearly Established Right</u>

Here, defendant Sheldon argues that the allegations made in plaintiff's complaint do not constitute a violation of a clearly established right. Specifically, Sheldon argues that:

> The precedent applicable to this case weighs against finding that Sheldon's conduct rises to the level of excessive force. <u>See</u>, <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' [citation], violates the Fourth Amendment."); <u>Kingsley v. Hendrickson</u>, 135 S.Ct. 2466, 2474-2475 (2015) (When an officer has acted in good faith to maintain order in jail, it is unlikely that a plaintiff could show that the officer violated a clearly established right.); <u>Emmons v. City of Escondido</u>, 2019 U.S. App. LEXIS 12257 (9th Cir. 2019) (no showing of a "clearly established" right where cases cited by plaintiff involved "significantly greater" force than the force used on the plaintiff.)

ECF No. 34-1, pg. 7.

In his motion, defendant points to <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989), for the assertion that "not every push or shove" violates the 4th Amendment and thus plaintiff allegations do not amount to a "clearly established right." <u>See</u> ECF No. 34-1, pg. 7. Recently, another Ninth Circuit District Court denied the same argument in a similar context. In <u>Acasio v. Lucy</u>, No. 14-cv-04689-JSC, 2017 U.S. Dist. LEXIS 54692 (N.D. Cal. Apr. 10, 2017), plaintiff brought forth a § 1983 claim that a correctional facility officer violated her Fourth Amendment right, incorporated by the Fourteenth Amendment, to be free from excessive force by pushing her during post-arrest booking in a county jail. Defendants sought summary judgement based, partly, on a theory of qualified immunity. Defendants attempted to cite <u>Graham</u> for the assertion that a reasonable officer in similar circumstances would not believe that their "pushing" violated the detainee's rights. In response, the court in <u>Acasio</u> stated:

> Defendant's reliance on <u>Graham</u> is unpersuasive for several reasons. First, the language Defendant cherry picks from the <u>Graham</u> was a quotation from <u>Johnson v. Glick</u>, 481 F.2d 1028 (2d Cir. 1973), cert. denied, 414 U.S. 1033, 94 S. Ct. 462, 38 L. Ed. 2d 324 (1973). In <u>Graham</u>, however, the Supreme Court rejected the approach in <u>Johnson</u>, which applied a substantive due process analysis to a pretrial detainee's excessive force claim. 490 U.S. at 392-93, 397-98. Thus, the idea that not every push is a violation of due process misses the point, since the inquiry now is objective reasonableness under the Fourth Amendment. Moreover, neither

15

> Graham nor Johnson involved an officer pushing a pretrial detainee. See Graham, 490 U.S. at 389. Finally, that not every push is excessive force does not mean that a push sufficient to knock a pretrial detainee to the ground when no force is needed is not excessive force. In short, nothing in Graham undermines the clearly established law of the Ninth Circuit that **when no force is necessary, any force—including a push—is unreasonable under the Fourth Amendment.** See Fontana, 262 F.3d at 880; Motley, 432 F.3d at 1089.
>
> Acasio v. Lucy, No. 14-cv-04689-JSC, 2017 U.S. Dist. LEXIS 54692, at *28 (N.D. Cal. Apr. 10, 2017) (bold added).

The reasoning in Acasio is equally applicable here. As with Acasio, the complaint in this case deals with an alleged pushing of a pretrial detainee at a county jail. Plaintiff's complaint claims that, after a verbal dialogue between himself and Sheldon, officer Sheldon told him to "shut up" and then proceeded to "push" him. See ECF No. 26, pgs. 2; 4. Considering both that (1) all factual allegations at this point must be construed in a light most favorable to the plaintiff, and (2) plaintiff is entitled to a more liberal pleading standard as a pro se litigant, it is reasonable to interpret plaintiff's complaint as alleging that Sheldon pushed him intentionally and for no reason. As such, Ninth Circuit precedent supports the assertion that plaintiff properly claimed a violation of a clearly established right. See Fontana v. Haskin, 262 F.3d 871, 880 (9th Cir. 2001) (". . . completely unnecessary acts of violence by the police during a seizure violate the Fourth Amendment."), see also Motley v. Parks, 432 F.3d 1072, 1089 (9th Cir. 2005) (". . .conduct engaged in by [officer] was objectively unreasonable given the absence of danger posed. . .")

### 2. Reasonableness of Sheldon's Conduct

Defendant Sheldon also argues that he is entitled to qualified immunity because his conduct was "objectively reasonable under the circumstances." See ECF No. 34-1, pgs. 7-8. This court disagrees.

A defendant is entitled to qualified immunity if he could have ". . . reasonably but mistakenly believed that his . . . conduct did not violate the right." Jackson, 268 F.3d at 651. However as discussed above, plaintiff has properly alleged that defendant Sheldon intentionally, and without provocation, pushed him while being transported through the County Jail. Once a court concludes that a right was clearly established, an officer is generally not entitled to qualified

immunity because a reasonably competent public official is charged with knowing the law governing his conduct. See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). As discussed above in section (A)(2)(i), plaintiff's allegations, as pled, clearly establish a right barring qualified immunity. Thus, in this context, Sheldon's actions cannot be considered to have been a reasonable, but mistaken belief. Therefore, defendant Sheldon is not entitled to qualified immunity.

## V. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant Sheldon's motion to dismiss be denied in full;

2. Defendant Martinez, Aranda, and Young's motion to dismiss be granted in full, without prejudice; and

3. Plaintiff be granted leave to amend; and

4. If plaintiff elects not to amend, the action shall proceed against defendant Sheldon only on a claim of excessive force.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 28, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

17