1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    TIMOTHY SOLOMON,                        No.  2:18-CV-3012-JAM-DMC-P

12              Plaintiff,

13        v.                                   ORDER

14    JONATHAN SHELDON,

15              Defendant.

16

17           Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983. Pending before the Court is Plaintiff's second motion, ECF No. 63, for the

19    appointment of counsel.

20           The United States Supreme Court has ruled that district courts lack authority to

21    require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

22    Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

24    F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25    A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26    on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27    complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

28    dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

                                              1

1    Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment

2    of counsel because:

3            . . . Terrell demonstrated sufficient writing ability and legal knowledge to
             articulate his claim.  The facts he alleged and the issues he raised were not
4            of substantial complexity.  The compelling evidence against Terrell made it
             extremely unlikely that he would succeed on the merits.
5
             Id. at 1017.
6

7            In the present case, the Court does not at this time find the required exceptional

8    circumstances.  Plaintiff states that the following factors warrant appointment of counsel:

9    (1) indigency; (2) extended lock-down; (3) complexity of issues; and (4) inability to retain

10   counsel.  See ECF No. 63.  The Court does not find these circumstances exceptional.  A review of

11   the docket reflects that Plaintiff has been able to sufficiently articulate his claims on his own.

12   Further, at this stage of the proceedings, the Court cannot say that Plaintiff has established any

13   particular likelihood of success on the merits.  Finally, contrary to Plaintiff's suggestion, the

14   factual and legal issues involved in this case, which presents an Eighth Amendment excessive

15   force claim, are not complex.

16           Accordingly, IT IS HEREBY ORDERED that Plaintiff's second motion for the

17   appointment of counsel, ECF No. 63, is denied.

18

19   Dated:  November 18, 2020

20                                                 _____
                                                   DENNIS M. COTA
21                                                 UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28
                                                    2