**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY SOLOMON,<br><br>  Plaintiff,<br><br>  v.<br><br>JONATHAN SHELDON,<br><br>  Defendant. | No. 2:18-CV-3012-JAM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's motion to compel plaintiff's deposition testimony and for an award of costs. See ECF No. 66. Plaintiff has filed an opposition. See ECF No. 69.

On August 19, 2020, Defendant noticed Plaintiff's video deposition to occur on October 1, 2020. See ECF No. 66-1, pg. 3. Plaintiff appeared, but refused to answer any questions. See ECF No. 66-2, pgs. 4-29 (deposition transcript attached as Exhibit A to Werner declaration). Plaintiff stated several times on the record that he was not prepared to answer any questions or proceed further absent an order appointing counsel. See id.

///

///

///

1

1  The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

/ / /
/ / /
/ / /
/ / /

1         As Defendant correctly observes, Defendant has a right to take Plaintiff's deposition by oral examination.  See Fed. R. Civ. P. 30(a)(1).  Under Federal Rule of Civil Procedure 37(a)(3)(B)(i), a party noticing a deposition may move to compel if the deponent fails to "answer a question asked under Rule 30. . . ."  Here, the record reflects that Plaintiff's deposition was properly noticed under Rule 30 and that Plaintiff appeared but failed to answer any questions.  As to Plaintiff's contention that he should not be required to answer deposition questions absent appointed counsel, as explained in the accompanying order, prisoners do not have any right to counsel and the Court finds that appointment of counsel is not warranted in this case.  The Court will, therefore, grant Defendant's motion and order Plaintiff to appear and answer questions at a further deposition, which Defendant may take by video.

    As to Defendant's requests for costs, Rule 37(a)(5), requires the Court to award reasonable attorney's fees and costs to a party prevailing on a motion to compel.  The Court has reviewed Defendant's counsel's declaration in support of an award of costs and finds the declaration inadequate to establish the reasonable costs associated with Defendant's motion to compel.  Specifically, counsel states she spent 35 hours "in preparation for taking PAINTIFF's deposition, as well as preparation of the motion to compel and the supporting documents."  ECF No. 66-2, pg. 2. Time spent preparing for the deposition should not be considered an expense "incurred in making the motion," as required under Rule 37(a)(5) because that preparation time is related to Plaintiff's deposition and not preparation of the motion to compel.  In this regard, the Court notes that any time preparing for the prior deposition can be applied to any forthcoming deposition.  Counsel has not specified how much of the 35 hours was dedicated to preparation of the motion.  The request for an award of costs will be denied without prejudice.

///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel, ECF No. 66, is granted;

2. Plaintiff is ordered to appear for his properly noticed deposition and answer all questions posed subject to reasonable and appropriate objections; and

3. Defendant's request for an award of costs under Rule 37(a)(5) is denied without prejudice.

Dated: November 19, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE