1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   TIMOTHY SOLOMON,                       No.  2:18-CV-3012-JAM-DMC-P

12              Plaintiff,

13       v.                                 ORDER

14   JONATHAN SHELDON,

15              Defendant.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Defendant's unopposed motion to compel, ECF

19   No. 62.

20            The purpose of discovery is to "remove surprise from trial preparation so the

21   parties can obtain evidence necessary to evaluate and resolve their dispute." United States v.

22   Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule

23   26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

24   permitted:

25            Parties may obtain discovery regarding any nonprivileged information that
             is relevant to any party's claim or defense and proportional to the needs of
26           the case, considering the importance of the issues at stake in the action, the
             amount in controversy, the parties' relative access to relevant information,
27           the parties' resources, the importance of the discovery in resolving the
             issues, and whether the burden or expense of the proposed discovery
28           outweighs its likely benefit. Information within this scope of discovery

1

1    need not be admissible in evidence to be discoverable.

2         Fed. R. Civ. P. 26(b)(1).

3         Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

4    may move for an order compelling an answer, designation, production, or inspection." Fed. R.

5    Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or

6    incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad

7    discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

8    Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.

9    Willits Envt'l Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

10        The party moving to compel bears the burden of informing the court (1) which

11   discovery requests are the subject of the motion to compel, (2) which of the responses are

12   disputed, (3) why the party believes the response is deficient, (4) why any objections are not

13   justified, and (5) why the information sought through discovery is relevant to the prosecution of

14   this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016

15   WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC,

16   2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

17        "Relevance for purposes of discovery is defined very broadly." Garneau v. City of

18   Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden

19   of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter,

20   the party opposing discovery has the burden of showing that the discovery should be prohibited,

21   and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No.

22   07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14,

23   2009) (internal citation omitted).

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

2

# I.  PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's first amended complaint alleging excessive force and retaliation.  See ECF No. 26.  Under the heading "Facts of the Case," Plaintiff alleges:

> Plaintiff [T]imothy Solomon alleges that on August 27, 2017. . .he was under the protection, escort of Young, Aranda and Martinez, Deputies for the County of Shasta, when he was ordered to face the wall prior to entering an elevator in the County Jail, Redding Police Officer Jonathan Sheldon, took it upon himself, to provocate [sic] an aggressive verbal assault, and aggravate plaintiff, by assaulting and pushing the plaintiff while under the protection of the three deputies.
> [T]he Plaintiff was assaulted, in response as a retaliatory response of Jonathan provocation act, resulting in helplessness, ashame [sic], embarrassment, anxiety, oppression, and anxiety.
>
> Id. at 4.

Defendant has answered the first amended complaint.  See ECF No. 50.  On June 3, 2020, the Court issued an initial scheduling order.  See ECF No. 51.

# II.  DISCUSSION

Defendant seeks an order compelling Plaintiff to provide further responses to Defendant's interrogatories, requests for production, and requests for admissions.  See ECF No. 62-1, pg. 12.  Defendant also seeks an award of reasonable expenses in the amount of $4,960.00. See id.  Defendant's specific arguments are outlined in Defendant's memorandum of points and authorities, see ECF No. 62-1, and "Statement of Undisputed Facts" filed in support of Defendant's motion, see ECF No. 62-2.  Plaintiff has not filed an opposition to Defendant's motion.

### A.    Discovery in Dispute

Defendant served the following discovery on June 16, 2020: (1) interrogatories, set one, see ECF No. 62-4, pgs. 6-15 (Exhibit A to Deedon declaration); (2) requests for production, set one, see id. at 17-22 (Exhibit B to Deedon declaration); and (3) requests for admissions, set one, see id. at 24-29 (Exhibit C to Deedon declaration).  With his requests for admissions, Defendant provided Plaintiff, through the Folsom State Prison litigation coordinator, a video recording, referenced in the requests for admission as "Exhibit A."  See id. at 28.  Plaintiff served

responses on June 28, 2020.  See id. at 31-52 (Exhibits D, E, and F to Deedon declaration).

Following what turned out to be unfruitful meet-and-confer efforts, Plaintiff served supplemental

responses in July 2020.  See id. at 87-108 (Exhibit J to Deedon declaration).  Except for the

addition of the date and Plaintiff's signature next to each response, Plaintiff's supplemental

responses are identical to his original responses.  See id.

Defendant contends Plaintiff's objections and responses are evasive and that

Plaintiff is engaging in gamesmanship in an attempt to frustrate the discovery process.  See ECF

No. 62-1, pgs. 1-2.

1.   Interrogatories

Defendant propounded 25 interrogatories.  See ECF No. 62-4, pgs. 6-15 (Exhibit

A to Deedon declaration).  Plaintiff served initial responses, see id. at 31-38 (initial responses at

Exhibit D to Deedon declaration), and, with the exception of the addition of dates and Plaintiff's

signature next to each response, identical supplemental responses, see id. at 87-94 (supplemental

responses included in Exhibit J to Deedon declaration).  Defendant contends all interrogatories

remain unanswered or incompletely answered.  See ECF No. 62-1, pg. 7.  Defendant also argues

that Plaintiff's responses are inadequate because they have not been verified under oath.  See id.

at 5.

Under Federal Rule of Civil Procedure 33, a party answering interrogatories has an

affirmative duty to provide a full and complete response.  See Gorrell v. Sneath, 292 F.R.D. 629,

632 (E. Dist. Cal. 2013).  This means the answering party must provide all information available.

See id.  While the answering party is not required to conduct extensive research in order to

respond, a reasonable effort must be made.  See id.  If an objection is raised, the grounds must be

stated with specificity.  See Fed. R. Civ. P. 33(b)(4).  An objection should be plain enough and

specific enough to allow the court to understand in what way the interrogatory is alleged to be

objectionable.  See Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).  If an answering party

cannot furnish details, he or she should explain why and set forth the efforts used to obtain the

requested information.  See Milner v. National School of Health Technology, 73 F.R.D. 628, 632

(E.D. Pa. 1977); see also Noble v. Gonzalez, 2013 U.S. Dist. LEXIS 121252, at *33 (E. Dist. Cal.

1  2013) (quoting <u>Milner</u>).  Finally, Rule 33(b)(3) requires that answers to interrogatories be

2  verified.  In relevant part, the rule states: "Each interrogatory must, to the extent it is not objected

3  to, be answered separately and fully in writing *under oath*."  <u>Id.</u> (emphasis added).

4        The Court finds that Defendant's argument regarding the lack of the required

5  verification under oath is dispositive as to all of Plaintiff's answers.  While all of Plaintiff's

6  responses are signed, none is signed under oath (i.e., sworn to be true under penalty of perjury) as

7  required under Rule 33.  Plaintiff will be ordered to serve further supplemental responses to

8  Defendant's interrogatories, set one.  The Court will also order that such responses to be provided

9  under oath.

10        Though the lack of the required verification is dispositive of Defendant's motion

11 with respect to interrogatories, the Court will nonetheless address each of the interrogatories in

12 dispute and responses thereto in the context of the requirements of Rule 33 such that any further

13 supplemental responses ordered herein are appropriately fashioned.  In addition to being verified,

14 Plaintiff's further supplemental responses shall comply with the findings detailed below as to

15 each specific interrogatory.

16                    <u>Interrogatory No. 1</u>

17        State your name, date of birth, and social security number,
   including any other names or social security numbers that you have
18        ever used or by which you have been know[n].

19        ECF No. 62-4, pg. 10 (Exhibit A).

20        In his supplemental response to this interrogatory, Plaintiff provided his date of

21 birth, his name and various aliases, but states his social number is "unknown."  <u>See</u> ECF No. 62-

22 4, pg. 87 (Exhibit J).  Plaintiff raised no objections.  <u>See id.</u>  Defendant argues: "Failed to answer

23 fully and completely concerning matters within or information which is readily available to him

24 upon reasonable inquiry."  ECF No. 62-2, pg. 1.

25        The Court finds this argument unpersuasive primarily because Defendant has not

26 met his burden of showing how Plaintiff's social security number is relevant to a claim or

27 defense.

28 / / /

5

Interrogatory No. 2

Identify your username and the associated platform (i.e., Facebook, Twitter, Instagram, etc.) for all of your social medial accounts.

ECF No. 62-4, pg. 10 (Exhibit A).

In his supplemental response, Plaintiff essentially stated none of the information requested is relevant.  See ECF No. 62-4, pg. 88 (Exhibit J).  Defendant contends: "Failed to answer and failed to state a proper objection."  ECF No. 62-2, pg. 2.

The Court does not agree that Plaintiff failed to state a proper objection.  While not stated with the degree of specificity or clarity an attorney may have used, Plaintiff's supplemental response indicates to the Court an objection on the grounds of relevance and Defendant has not explained why access to Plaintiff's social media is in fact relevant.

Interrogatory No. 3

State any and all cities in which you have ever lived, whether permanent or temporary.

ECF No. 62-4, pg. 10 (Exhibit A to Deedon declaration).

In his supplemental response, Plaintiff named various cities and/or counties in California where he has lived.  See ECF No 62-4, pg. 88 (Exhibit J).  Defendant argues: "Failed to answer fully and completely concerning matters within his knowledge or information which is readily available to him upon reasonable inquiry."  ECF No. 62-2, pg. 2.

First, the Court finds Plaintiff's response sufficient in that he answered by providing the names of places he has lived.  The interrogatory in essence asked for nothing more. Second, the Court finds Defendant's argument unpersuasive in that Defendant has not explained how a more detailed response is relevant to a claim or defense in this case, which is about alleged excessive force and retaliation at the Shasta County Jail in Redding, California.

/ / /

/ / /

/ / /

/ / /

6

1    Interrogatory No. 4

2    Identify all misdemeanors or felonies you have been arrested for,
     charged with, and/or convicted of over your lifetime, including
3    offense, location, county, district, charging agencies (i.e., law
     enforcement agency involved), and disposition.
4
     ECF No. 62-4, pg. 10 (Exhibit A to Deedon declaration).
5

6           In his supplemental response, Plaintiff stated: "I don't have the information for all

7    arrests or arrest history, but as soon as I obtain the data, I will forward to your location."  ECF

8    No. 62-4, pg. 88 (Exhibit J). Defendant argues:

9           Failed to answer fully and completely concerning matters within
     his knowledge or information which is readily available to him upon
10   reasonably inquiry.  SHELDON is entitled to all of the information
     presently available to PLAINTIFF, even if the list is incomplete and
11   discovery is ongoing.

12   ECF No. 62-2, pg. 2.

13          Defendant's motion is well-taken as to this interrogatory.  Plaintiff's criminal

14   history may be relevant to a defense or for purposes of impeaching Plaintiff's testimony later in

15   the case.  Plaintiff's response is evasive and incomplete.  In serving further supplemental

16   responses, Plaintiff shall fully answer this interrogatory, subject to his ongoing duty to provide

17   additional information as it becomes available.

18                          Interrogatory No. 5

19          State all FACTS which support your contention that Officer
     Jonathan Sheldon aggravated you prior to the INCIDENT, as
20   alleged on page 4 of your First amended Complaint.

21   ECF No. 62-4, pg. 11 (Exhibit A to Deedon declaration).

22          In his supplemental response, Plaintiff responded: "see Video footage as exhibit A

23   for details," referencing the video attached to Defendant's requests for admissions as "Exhibit A."

24   ECF No. 62-4, pg. 88 (Exhibit J).  Defendant agues, among other things, this response is

25   insufficient because "the facts requested through this interrogatory cannot be determined by

26   examining the video."  ECF No. 62-2, pg. 2.

27   / / /

28   / / /

7

1         The Court agrees.  To the extent the video footage reflects facts of the case, it is

2 possible Plaintiff alleges acts of "aggravation" prior to the events shown on the video.  Plaintiff's

3 response does not address this possibility.  Nor does Plaintiff's response acknowledge facts other

4 than those which can be shown in a video, such as documents.  In further supplemental responses,

5 Plaintiff shall state which specific facts he contends are shown on the video support his claim that

6 Defendant Sheldon "aggravated" Plaintiff prior to the incident on August 27, 2017.  Plaintiff shall

7 also describe any other facts not shown on the video which support his contention.  If there are no

8 such other facts, Plaintiff shall so state, in which case Plaintiff's allegation of "aggravation" prior

9 to the incident could be limited to only those facts which Plaintiff states are shown in the video.

10 Interrogatory No. 6

11
12     Identify all WITNESSES, including name, address, and telephone
number, who have knowledge or information about the facts which
support your contention that Officer Jonathan Sheldon aggravated
you prior to the INCIDENT.

13     ECF No. 62-4, pg. 11 (Exhibit A to Deedon declaration).

14

15         In his supplemental response, Plaintiff did not provide any names or other

16 identifying information for witnesses and stated in essence his investigation is ongoing.  See ECF

17 No .62-4, pg. 88 (Exhibit J).  Defendant argues Plaintiff failed to fully answer.  See ECF No. 62-2

18 pg. 2.

19         The Court does not agree.  At the time Plaintiff served his supplemental responses,

20 discovery had only been open a short time.  Thus, it is conceivable that, at the time Plaintiff

21 responded he in fact did not know any of the information requested regarding witnesses.  To the

22 extent Plaintiff has since learned information responsive to this interrogatory, Plaintiff shall

23 provide such information in further supplemental responses.  To the extent Plaintiff has not

24 identified any witnesses with knowledge of the aggravation claim, Plaintiff shall so state, in

25 which case Plaintiff could be precluded from offering any witness testimony, other than his own,

26 in support of his "aggravation" allegation.

27 / / /

28 / / /

Interrogatory No. 7

Describe any verbal expressions made by, or directed at, you immediately prior to the INCIDENT.

ECF No. 62-4, pg. 11 (Exhibit A to Deedon declaration).

In his supplemental response, Plaintiff stated: "Defendant provocated [sic] the aggressive act by acting inferiority, as the aggressive act was base [sic] on ill use of authority, to strike. Jonathan Sheldon ask me "quote what was I looking at" while I was engage [sic] in a conversation with R.P.D. Maxwell, Jonathan Sheldon, walk over to me and assaulted me with a usage of force." ECF No. 62-4, pg. 89 (Exhibit J). Plaintiff also refers to the video provided by Defendant as "Exhibit A" to requests for admissions. See id. Defendant argues the response is insufficient because "PLAINTIFF failed to describe any of the verbal expressions cited in his first amended complaint." ECF No. 64-2, pg. 3.

The Court does not agree. In his response, Plaintiff stated that Defendant Sheldon made an allegedly provocative statement. According to Plaintiff, the statement was made while Plaintiff was speaking with another officer. The statement is essentially: "What are you looking at?" To the extent Plaintiff alleges in the first amended complaint that other provocative statements were made before the incident which he has not identified in discovery, Defendant may make an appropriate argument on summary judgment or at time of trial to limit the evidence Plaintiff may present in support of his claim. To the extent there are in fact other statements Plaintiff alleges were provocative, Plaintiff shall identify such statements in his further supplemental responses. If there are no allegedly provocative statements made prior to the incident other than the statement already identified, Plaintiff shall so state, in which case his claim may be appropriately limited.

/ / /

/ / /

/ / /

/ / /

/ / /

1

<u>Interrogatory No. 8</u>

2

Describe the details of any physical contact between you and
Officer Jonathan Sheldon during the INCIDENT.

3

4

ECF No. 62-4, pg. 11 (Exhibit A to Deedon declaration).

5

In his supplemental response, Plaintiff stated: "The only physical contact that

6

occurred, when I was assaulted by Jonathan Sheldon with usage of excessive or unreasonable

7

force." ECF No. 62-4, pg. 89 (Exhibit J). Defendant argues this answer is unresponsive. <u>See</u>

8

ECF No. 62-2, pg. 3.

9

The Court agrees. Plaintiff has answered who made physical contact, which is not

10

the question. The interrogatory seeks a description of the contact allegedly made by Defendant

11

Sheldon. In serving further supplemental responses, Plaintiff shall describe the alleged physical

12

contact between himself and Jonathan Sheldon on August 27, 2017. In crafting his further

13

supplemental response to Interrogatory No. 8, Plaintiff should keep in mind that the details of his

14

physical contact with Defendant Sheldon on the date of the incident are necessarily central to his

15

excessive force claim. Defendant is entitled to a good-faith answer.

16

<u>Interrogatory No. 9</u>

17

State all FACTS which support your contention that Officer
Jonathan Sheldon used excessive force on you during the
INCIDENT.

18

19

ECF No. 62-4, pg. 11 (Exhibit A to Deedon declaration).

20

In his supplemental response, Plaintiff again referenced the video provided by

21

Defendant as "Exhibit A" and stated: "[T]he attack was mistreatment, abusive, deprived the

22

ability to be secure and safety by the protection of Deputies escort, while under the pre-existing

23

condition of heart injury." ECF No. 62-4, pg. 89 (Exhibit J). Defendant argues the answer does

24

not respond to the interrogatory and reference to the video is insufficient. <u>See</u> ECF No. 62-2, pg.

25

3.

26

/ / /

27

/ / /

28

/ / /

10

1    The Court agrees with Defendant that Plaintiff's answer is non-responsive.

2  Plaintiff has described in general terms the legal bases of his claim against Defendant Sheldon.

3  Plaintiff has not, as the interrogatory asks, stated the facts supporting his claim of excessive force.

4  In further supplemental responses, Plaintiff shall identify the facts upon which his excessive force

5  claim is based.  Again, Plaintiff should keep in mind that Defendant is entitled to a good-faith

6  answer to this interrogatory.

7    Interrogatory No. 10

8    Identify all WITNESSES, including name, address, and telephone
     number, who have knowledge or information about the facts which
9    support your contention that Officer Jonathan Sheldon used
     excessive force on you during the INCIDENT.
10
     ECF No. 62-4, pg. 11 (Exhibit A to Deedon declaration).
11

12    In his supplemental response, Plaintiff stated he is in the process of compiling his

13  witness list.  See ECF No. 62-4, pg. 89 (Exhibit J).  Defendant argues Plaintiff's response does

14  not answer the interrogatory and that he is entitled to a witness list even if the list is incomplete

15  because discovery is ongoing.  See ECF No. 62-2, pg. 4.

16    As with Interrogatory No. 6, it is possible that at the time Plaintiff served his

17  supplemental responses, he did not know the identities of any witnesses with knowledge of facts

18  relating to Plaintiff's excessive force claim.  To the extent Plaintiff has since identified witnesses

19  with knowledge of the facts supporting his excessive force claim, in further supplemental

20  responses Plaintiff shall identify any witnesses found to date, subject to his continuing obligation

21  to identify additional witnesses as they are discovered.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

11

1

Interrogatory No. 11

2

3

Identify all DOCUMENTS which support your contention that
Officer Jonathan used excessive force on you during the
INCIDENT.

4

ECF No. 62-4, pg. 11 (Exhibit A to Deedon declaration).

5

In his supplemental response, Plaintiff stated that "all document[s] are not

6

discovered. . . ." and again referred to the video provided by Defendant as "Exhibit A."  ECF No.

7

62-4, pg. 90 (Exhibit J).  Defendant contends this response is insufficient because Plaintiff is

8

required to identify documents even though discovery is ongoing, subject to his obligation to

9

further supplemental responses.  See ECF No. 62-2, pg. 4.  Defendant also argues that reference

10

to the video at "Exhibit A" is insufficient because it does not identify any documents.  See id.

11

The Court agrees with Defendant.  Plaintiff states "all" documents are not

12

discovered.  This suggests that some documents have been discovered.[1]  To the extent Plaintiff

13

has in his possession, custody, or control documents which support his excessive force claim,

14

Plaintiff shall identify them in further supplemental responses, subject to his continuing

15

obligation to supplemental responses again as additional documents are discovered.

16

Interrogatory No. 12

17

18

State all FACTS which support your contention that Officer
Jonathan Sheldon acted in retaliation against you, as alleged on
page 4 of your First Amended Complaint.

19

ECF No. 62-4, pg. 12 (Exhibit A to Deedon declaration).

20

In his supplemental response, Plaintiff simply referred to his complaint.  See ECF

21

No. 62-4, pg.90 (Exhibit J).  Defendant contends this response is inadequate because the

22

interrogatory seeks the facts supporting the allegations in the complaint, not the allegations in the

23

complaint.  See ECF No. 62-2, pgs. 4-5.

24

/ / /

25

/ / /

26

27

28

---

[1]     In his supplemental response to Defendant's Request for Production No. 1 seeking all documents identified in Interrogatory No. 11, Plaintiff stated that responsive documents are not in his control.  See ECF No. 62-4, pg. 98 (Exhibit J).  This further suggests that, at the time Plaintiff served his supplemental responses, there were in fact responsive documents which could have been at least identified in response to this interrogatory.

12

1    The Court agrees.  Plaintiff's reference to the allegations in his complaint is non-

2    responsive.  In further supplemental responses, Plaintiff shall identify all facts, including those

3    which support the allegations in the complaint, or which are not specifically alleged in the

4    complaint, which form the basis of his claim that Defendant Sheldon acted in retaliation.

5                                  Interrogatory No. 13

6                Identify all WITNESSES, including name, address, and telephone
                 number, who have knowledge or information about the facts which
7                support your contention that Officer Jonathan Sheldon acted in
                 retaliation against you.
8
                 ECF No. 62-4, pg. 12 (Exhibit A to Deedon declaration).
9

10    In his supplemental response, Plaintiff names Maxwell, Aranda, Martinez, Young,

11    "Video Technician," "Booking Deputies," "Sergeant," "Lieutenant," and "Captain of Shasta

12    County Jail."  ECF No. 62-4, pg. 90 (Exhibit J).  Defendant argues this response fails to fully

13    answer the interrogatory and that Defendant is entitled to Plaintiff's witness list even if discovery

14    is ongoing.  See ECF No. 62-2, pg. 5.

15    The Court agrees with Defendant that Plaintiff's response does not fully and

16    clearly answer the interrogatory.  While Plaintiff has identified Maxwell, Aranda, Martinez, and

17    Young, he has not provided any of the additional information requests as to such witnesses,

18    explained why he cannot, otherwise provided information to allow Defendant to contact the

19    witnesses identified, or objected.  Further, to the extent "Video Technician," "Booking Deputies,"

20    "Sergeant," "Lieutenant," and "Captain of Shasta County Jail," are also separate witnesses,

21    Plaintiff has not provided their names or identifying information, explained why he cannot, or

22    objected.  In further supplemental responses, Plaintiff shall fully identify all witnesses with

23    knowledge of facts related to Plaintiff's retaliation claim.

24    ///

25    ///

26    ///

27    ///

28    ///

13

<u>Interrogatory No. 14</u>

> Identify all DOCUMENTS which support your contention that
> Officer Jonathan Sheldon acted in retaliation against you.

> ECF No. 62-4, pg. 12 (Exhibit A to Deedon declaration).

In his supplemental response, Plaintiff stated: "When Jonathan ask [sic] me what was I looking at, and I sponded [sic] to him, he than [sic] breach the secure escort personal [sic] and committed the assault upon my person, with the intent to be conscious reckless in disregard to my impaired ability to defend myself, resist the attack, or be subject to the humiliation or degradation and embarrassment." ECF No. 62-4, pg. 90 (Exhibit J).  Defendant argues this response is inadequate because it is unintelligible and does not identify documents.  <u>See</u> ECF No. 62-2, pg. 5.

The Court agrees that Plaintiff's answer is non-responsive.  The interrogatory seeks identification of documents.  In response, Plaintiff states generally what he claims happened, but does not identify any documents supporting his retaliation claim, explain why he cannot, or object.[2]  In further supplemental responses, Plaintiff shall identify documents supporting his retaliation claim.

<u>Interrogatory No. 15</u>

> Do you contend that you had obeyed all orders/commands
> immediately prior to the subject INCIDENT?

> ECF No. 62-4, pg. 12 (Exhibit A to Deedon declaration).

In his supplemental response, Plaintiff stated: "The verbal and physical assault or usage of excessive force was not committed because I was in defiance [sic] of the law, but the result egregious inferirity [sic] abusive act while under the color or [sic] law to inflict excessive force and unnecessary curelity [sic] upon a Black male designed to punish, treat harshly with excessive force in a [sic] ill will manner." ECF No. 62-4, pg. 91 (Exhibit J).  Defendant argues

---

[2]    The Court observes that Plaintiff's supplemental response to Defendant's Request for Production No. 2, in which Defendant seeks documents identified in response to Interrogatory No. 14, suggests documents do in fact exist.  Specifically, Plaintiff stated responsive documents exist but are not in his possession.  <u>See</u> ECF No. 62-4, pg. 98 (Exhibit J).  Plaintiff should identify the responsive documents not in his possession.

this response is insufficient because it does not respond to the question asked.  See ECF No. 62-2, pg. 5.

The Court agrees Plaintiff's response does not answer the question.  Interrogatory No. 15 asks a "yes" or "no" question.  Plaintiff instead provides a general overview of his claim but does not state whether he contends he obeyed orders/commands immediately prior to the incident.  In further supplemental responses, Plaintiff shall provide either a "yes" or "no" answer or explain why he cannot answer the question.

<u>Interrogatory No. 16</u>

If your answer to Interrogatory No. 15 is in the affirmative, state all FACTS which support your contention that you obeyed all orders/commands immediately prior to the subject INCIDENT.

ECF No. 62-4, pg. 12 (Exhibit A to Deedon declaration).

In his supplemental response, Plaintiff stated that he was assaulted for answering a question truthfully.  <u>See</u> ECF No. 62-4, pg. 91 (Exhibit J).  Defendant argues this answer is non-responsive and fails to identify any facts.  <u>See</u> ECF No. 62-2, pg. 5.

Again, the Court agrees with Defendant that Plaintiff's answer is non-responsive. If in his further supplemental response to Interrogatory No. 15 Plaintiff answers "yes," he shall also state in his further supplemental response to Interrogatory No. 16 all facts which support that answer.

<u>Interrogatory No. 17</u>

If your answer to Interrogatory No. 15 is in the affirmative, identify all WITNESSES, including name, address, and telephone number, who have knowledge or information about the facts which support your contention that you obeyed all orders/commands immediately prior to the subject INCIDENT.

ECF No. 62-4, pg. 12 (Exhibit A to Deedon declaration).

In his supplemental response, Plaintiff stated he is still compiling his witness list. <u>See</u> ECF No. 62-4, pg. 91 (Exhibit J).  Defendant asserts this response does not answer the question and that Defendant is entitled to a partial witness list even if discovery is ongoing, subject to Plaintiff's obligation to further supplement his responses as additional witnesses are uncovered.  <u>See</u> ECF No. 62-2, pg. 5.

1    The Court agrees Plaintiff's answer is non-responsive.  If in his further

2    supplemental response to Interrogatory No. 15 Plaintiff answers "yes," he shall also provide in his

3    further supplemental response to Interrogatory No. 17 a list of witnesses identified to date which

4    have knowledge or information to support the contention Plaintiff obeyed all commands/orders

5    immediately prior to the incident, subject to Plaintiff's continuing obligation to further

6    supplemental his responses as additional witnesses are identified.

7                                    Interrogatory No. 18

8                 Identify any and all complaints or grievances which you made as a
                  result of the INDICENT, whether oral or written.
9
10               ECF No. 62-4, pg. 13 (Exhibit A to Deedon declaration).

11   In his supplemental response, Plaintiff stated he filed a grievance with the Shasta

12   County Sheriff's Department and made oral and written complaint.  See ECF No. 62-4, pg. 92

13   (Exhibit J).  Defendant contends the response is insufficient because it doesn't fully answer the

14   interrogatory and is unintelligible.  See ECF No. 62-2, pg. 6.

15               The Court finds Plaintiff's answer is only partially responsive.  While Plaintiff

16   stated that he filed a grievance with the Shasta County Sheriff's Department – which is

17   responsive – Plaintiff also indicates that he filed an "oral and written complaint" – which is not

18   responsive to the extent Plaintiff does not state to which agency and/or such complaint was

19   made.[3]  In further supplemental responses, Plaintiff shall more specifically identify the "oral and

20   written" complaint identified in his supplemental response.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   _____

27       [3]     Plaintiff's supplemental to response to Defendant's Request for Production No. 3
     seeking documents identified in Interrogatory No. 18, Plaintiff stated responsive documents are in
     the possession of the Shasta County Jail.  See ECF No. 62-4, pg. 98 (Exhibit J).  This suggests the
28   only reports made were to Shasta County.  Defendant is entitled to more clarity on this topic.

1

2

3

4

<u>Interrogatory No. 19</u>

Was any disciplinary action taken against you by jail staff as a
result of the INCIDENT?

ECF No. 62-4, pg. 13 (Exhibit A to Deedon declaration).

5      In his supplemental response, Plaintiff stated he was subject to additional solitary

6   confinement.  <u>See</u> ECF No. 62-4, pg. 92 (Exhibit J).  Defendant argues Plaintiff's response is

7   insufficient because it does not fully and completely answer the interrogatory.  <u>See</u> ECF No. 62-2,

8   pg. 6.

9      The Court does not agree that Plaintiff's answer is insufficient.  Defendant asked

10  whether any disciplinary action was taken as a result of the incident, to which question Plaintiff

11  stated he was subject to additional solitary confinement.  The question asked has been answered.

12  Defendant presents no reason why the Court should deem the answer unsatisfactory.  Defendant

13  is free to make any appropriate limiting motion with respect to this answer at a later stage of the

14  litigation.

15

16

17

18

<u>Interrogatory No. 20</u>

Describe the nature and extent of any bodily injuries which you
incurred as a result of the INCIDENT.

ECF No. 62-4, pg. 13 (Exhibit A to Deedon declaration).

19     In his supplemental response, Plaintiff did not identify any bodily injuries incurred

20  as a result of the incident.  <u>See</u> ECF No. 62-4, pg. 92 (Exhibit J).  Defendant contends this

21  response fails to answer the question and is unintelligible.  <u>See</u> ECF No. 62-2, pg. 6.

22     Again, the Court finds that the question has been adequately answered.  Defendant

23  asked Plaintiff to describe any bodily injuries sustained as a result of the incident and Plaintiff did

24  not identify any such injuries.  This is consistent with Plaintiff's allegations in the first amended

25  complaint that suffered psychological injuries.[4]  Defendant can hold Plaintiff to his failure to

26  _____

27  [4]     Plaintiff suggests, however, in his supplemental response to Request for
Production No. 10 seeking production of medical records which refer or relate to Plaintiff's
injuries, that he sustained some sort of injury to his heart.  In his supplemental response, Plaintiff

28  stated: "The medical record of heart injury, and all other illness was held in the Shasta County
Jail medical facility, in which is not accessible to Plaintiff."  ECF No. 62-4, pg. 98 (Exhibit J).

17

1   identify bodily injuries at a later stage of the litigation.  To the extent Defendant distinguishes

2   between physical and psychological injuries, the interrogatory is unclear.  Defendant may serve

3   an amended Interrogatory No. 20 if he chooses.

4                                    Interrogatory No. 21

5           Identify all medical providers who you have received treatment,
            consultation, examination, and/or services from with respect to any
6           of your injuries you contend were caused by defendants.

7           ECF No. 62-4, pg. 13 (Exhibit A to Deedon declaration).

8           In his supplemental response, Plaintiff stated: "The medical problems are held

9   within my medical C-file, but is not accessible to me."  ECF No. 62-4, pg. 92 (Exhibit J).

10  Defendant contends Plaintiff must provide information presently available "even if the list is

11  incomplete and discovery is pending."  ECF No. 62-2, pg. 6.

12          The Court finds Plaintiff's answer to be non-responsive.  Defendant did not ask

13  Plaintiff to identify his "medical problems."  Nor did Defendant ask for Plaintiff's medical

14  records.  Rather, Defendant asked Plaintiff to identify providers.  In further supplemental

15  responses, Plaintiff shall identify anyone who provided treatment, consultation, or examination

16  for any injuries – physical or psychological – Plaintiff claims resulted from the incident on

17  August 27, 2017.  If there are no such individuals, Plaintiff shall so state.

18                                   Interrogatory No. 22

19          State all FACTS which support your claim for punitive damages
            against any defendant.
20
21          ECF No. 62-4, pg. 13 (Exhibit A to Deedon declaration).

22          In his supplemental response, Plaintiff stated four "factors" support his claim:

23  (1) excessive force; (2) unreasonable force; (3) egregious and gross negligence; and (4) breaching

24  escort security.  ECF No. 62-4, pg. 93 (Exhibit J).  Defendant contends this response is

25  inadequate because Plaintiff has not identified facts supporting his punitive damages claim.  See

26  ECF No. 62-2, pg. 6.

27  _____
    Other responses suggest the heart condition may be pre-existing.  It is unclear whether Plaintiff
28  alleges a new heart injury or exacerbation of a pre-existing heart condition.  Defendant is entitled
    to more clarity in Plaintiff's responses.

                                              18

Plaintiff's answer is non-responsive.  Defendant asked Plaintiff to state facts supporting his punitive damages claim.  Instead, Plaintiff listed various legal theories of liability as "factors."  In further supplemental responses, Plaintiff shall identify the specific facts which support his claim for punitive damages against Defendant Sheldon.

Interrogatory No. 23

> Identify all WITNESSES, including name, address, and telephone number, who support your claim for punitive damages.

> ECF No. 62-4, pg. 13 (Exhibit A to Deedon declaration).

In his supplemental response, Plaintiff stated that the question has been asked and answered.  See ECF No. 62-4, pg. 93 (Exhibit J).  Defendant states: "Failed to answer and failed to state a proper objection."  ECF No. 62-2, pg. 6.

The Court finds Plaintiff's answer non-responsive.  While Defendant in other interrogatories asked about facts supporting Plaintiff's claims of excessive force and retaliation, Interrogatory No. 23 relates to Plaintiff's claim for punitive damages.  In further supplemental responses, Plaintiff shall identify all known witnesses who have knowledge or information pertaining to Plaintiff's punitive damages claim, subject to Plaintiff's continuing obligation to further supplement his responses as additional witnesses are discovered.

Interrogatory No. 24

> Identify all DOCUMENTS which support your claim for punitive damages.

> ECF No. 62-4, pg. 13 (Exhibit A to Deedon declaration).

In his supplemental response, Plaintiff stated: "The claim was asked in interrogatory no. 23."  ECF No. 62-4, pg. 93 (Exhibit J).  Defendant states: "Failed to answer and failed to state a proper objection."  ECF No. 62-2, pg. 6.

As with Plaintiff's response to Interrogatory No. 23, his response to Interrogatory No. 24 is also non-responsive with respect to punitive damages.  In particular, Interrogatory No. 23 asks about witnesses and Interrogatory No. 24 asks about documents.  The question, therefore, has not been asked and answered.  In further supplemental responses, Plaintiff shall identify all

19

documents relating to his punitive damages claim.

Interrogatory No. 25

> Identify all individuals and/or entities (including name, address, and telephone number) whom you have discussed the INCIDENT facts and circumstances with since the date of the INCIDENT (for instance medical staff, investigators, law enforcement, jail officials, prison officials, etc.)

ECF No. 62-4, pg. 14 (Exhibit A to Deedon declaration).

In his supplemental response, Plaintiff stated that the information is not in his possession.  See ECF No. 62-4, pg. 93 (Exhibit J).  Defendant argues the response is insufficient because he is entitled to a partial list to the extent discovery is ongoing, subject to Plaintiff's obligation to further supplement his responses.  See ECF No. 62-2, pg. 7.

The Court agrees and finds that Plaintiff's answer is non-responsive.  Plaintiff's answer suggests that there is responsive information, but that it is not in his control.  To the extent Plaintiff discussed the incident with anyone since the incident happened, Plaintiff would certainly know to whom he spoke.  In further supplemental responses, Plaintiff shall identify all individuals and entities with whom he discussed the incident.  If there are none, he shall so state under oath.

2.      Requests for Production

Defendant propounded 18 requests for production of documents.  See ECF No. 62-4, pgs. 17-22 (Exhibit B to Deedon declaration).  Defendant argues Plaintiff's responses to all the requests are evasive.  See ECF No. 62-1, pg. 8.  Defendant further argues that Plaintiff has failed to produce any responsive documents, and the few documents referenced in Plaintiff's responses are not described with any amount of specificity.  See id.  Plaintiff has not filed an opposition.

Under Federal Rule of Civil Procedure 34, requests for production of documents may relate to any matter within the scope of discovery under Rule 26(b).  Rule 34 requires that responses must either state that inspection will be permitted, or state with specificity grounds for objection.  See Fed. R. Civ. P. 34(b)(2)(B).  The responding party may produce documents in lieu of permitting inspection.  See id.

/ / /

/ / /

As to all of Plaintiff's supplemental responses, Defendant argues:

> PLAINTIFF's responses to the basic document requests were
> plainly obstructive and evasive, depriving SHELDON of a fair opportunity
> to investigate PLAINTIFF's claims and defend himself against the
> accusations leveled against him.  Therefore, Plaintiff should be ordered to
> supplement his responses to include the actual production of documents,
> to permit the inspection of documents within PLAINTIFF's possession,
> and/or to describe the responsive documents with sufficient particularity
> such that SHELDON may obtain and inspect them on his own.

ECF No. 62-1, pg. 9.

The Court will discuss Defendant's specific arguments as to each request for

production in the context of the requirements of Rule 34.

<u>Request for Production No. 1</u>

All DOCUMENTS identified in response to Interrogatory No. 11.

ECF No. 62-4, pg. 19 (Exhibit B to Deedon declaration).

In his supplemental response, Plaintiff stated responsive documents are not in his

control.  <u>See</u> ECF No. 62-4, pg. 98 (Exhibit J).  Defendant argues this response fails to state any

proper objection.  <u>See</u> ECF No. 62-2, pg. 7.  Defendant also argues that, while Plaintiff referenced

responsive documents, he did not do so with particularity.  <u>See</u> <u>id.</u>

The Court agrees with Defendant and finds Plaintiff's response inadequate.  In

Interrogatory No. 11, Defendant seeks identification of documents supporting Plaintiff's

excessive force claim.  <u>See</u> ECF No. 62-4, pg. 11 (Exhibit 1 to Deedon declaration).  In his

supplemental response to this interrogatory, Plaintiff stated that "all document[s] are not

discovered. . . ." and referred to the video provided by Defendant as "Exhibit A."  ECF No. 62-4,

pg. 90 (Exhibit J).  This suggests some documents have been discovered.[5]  Likewise, Plaintiff's

response to Request for Production No. 1 – that documents related to Interrogatory No. 11 are not

in his control – suggests responsive documents exist.  Defendant is correct that Plaintiff's

response fails to comply with Rule 34 because he does not identify the responsive documents

with particularity.  Moreover, the rule permits inspection of documents and, though Plaintiff

---

[5]     The Court has ordered a further supplemental response to Interrogatory No. 11.

1   states the documents are not in his control, he has not addressed whether he will nonetheless

2   permit Defendant to inspect responsive documents.  Finally, Plaintiff has not identified the

3   reasonable efforts he undertook in order to identify responsive documents.

4           If there are in fact documents which support Plaintiff's excessive force claim – as

5   Plaintiff's various responses to Defendant's discovery requests suggest – Defendant is entitled to

6   those documents to the extent they are relevant, not privileged, and not subject to appropriate

7   objection.  Here, Plaintiff does not raise any of these issues in his supplemental response.  Nor

8   does Plaintiff oppose Defendant's motion.  Plaintiff will be required to serve a further

9   supplemental response to Request for Production No. 1, and either produce responsive documents

10  or allow Defendant to inspect responsive documents.

11                          Request for Production No. 2

12          All DOCUMENTS identified in response to Interrogatory No. 14.

13          ECF No. 62-4, pg. 19 (Exhibit B to Deedon declaration).

14          In his supplemental response, Plaintiff stated responsive documents are not in his

15  control.  See ECF No. 62-4, pg. 98 (Exhibit J).  Defendant contends Plaintiff fails to state a proper

16  objection and fails to identify documents with sufficient particularity. See ECF No. 62-2, pg. 7.

17          The Court agrees with Defendant that this response is inadequate.  First, though

18  Plaintiff did not identify any documents in response to Interrogatory No. 14, he states here that

19  responsive documents exist but are not in his possession.  This inconsistency is evasive.  Second,

20  as Defendant contends and the Court discusses above, Plaintiff fails to identify responsive

21  documents (i.e., those responsive to Interrogatory No. 14).[6]  Finally, though Plaintiff stated

22  responsive documents are not in his control, he has not stated whether inspection will be

23  permitted.  Plaintiff will be required to serve a further supplemental response to Request for

24  Production No. 2, and either produce responsive documents or allow Defendant to inspect

25  responsive documents.

26  / / /

27

28          [6]      The Court has ordered a further supplemental response to Interrogatory No. 14.

22

1

<u>Request for Production No. 3</u>

2

All DOCUMENTS identified in response to Interrogatory No. 18.

3

ECF No. 62-4, pg. 19 (Exhibit B to Deedon declaration).

4

In his supplemental response Plaintiff stated that responsive documents are in the

5

possession of the Shasta County Jail.  <u>See</u> ECF No. 62-4, pg. 98 (Exhibit J).  Defendant contends

6

Plaintiff fails to state a proper objection and fails to identify documents with sufficient

7

particularity. <u>See</u> ECF No. 62-2, pg. 7.

8

The Court finds Plaintiff's response inadequate. In Interrogatory No. 18,

9

Defendant asks Plaintiff to identify complaints or grievances he made as a result of the incident.

10

Plaintiff identified a grievance made to the Shasta County Sheriff's Department.  Plaintiff also

11

stated he "made oral and written complaint."  It is not clear whether this refers to the grievance or

12

some other type of complaint to the same entity or another entity.[7]  Given this lack of clarity,

13

Plaintiff's identification of documents in the possession of the Shasta County Jail in response to

14

Request for Production No. 3 is also unclear.  Moreover, as with other requests for production,

15

while Plaintiff states responsive documents are not in his possession, he does not state whether

16

inspection will be permitted.  Plaintiff will be required to serve a further supplemental response to

17

Request for Production No. 3, and either produce responsive documents or allow Defendant to

18

inspect responsive documents.

19

<u>Request for Production No. 4</u>

20

All DOCUMENTS identified in response to Interrogatory No. 24.

21

ECF No. 62-4, pg. 19 (Exhibit B to Deedon declaration).

22

In his supplemental response, Plaintiff stated: "Requesting information for jury

23

determination, and beyond my prison control."  ECF No. 62-4, pg. 98 (Exhibit J).  Defendant

24

contends this response fails to state an objection and is not intelligible.  <u>See</u> ECF No. 62-2, pg. 7.

25

/ / /

26

/ / /

27

28

[7]      The Court has ordered a further supplemental response to Interrogatory No. 18.

23

1          As with Plaintiff's responses to Defendant's other requests seeking documents

2    identified in response to various interrogatories, Plaintiff's response to Request for Production

3    No. 4 is deficient.  This request seeks documents identified in response to Interrogatory No. 24,

4    which in turn asks Plaintiff to identify documents which support his claim for punitive damages.

5    As to this interrogatory, Plaintiff responded that the question had been asked and answered in

6    Interrogatory No. 23.  The Court found that it had not because, while both interrogatories relate to

7    Plaintiff's claim for punitive damages, Interrogatory No. 23 seeks identification of witnesses and

8    Interrogatory No. 24 seeks identification of documents.[8]

9          Moreover, Plaintiff has failed to raise a proper objection.  To the extent

10   "Requesting information for jury determination" constitutes an objection, Plaintiff is incorrect.  A

11   claim of punitive damages requires a plaintiff to make a special factual showing beyond proving

12   compensatory or other damages.  Plaintiff will need to adduce certain facts to make this showing.

13   To the extent Plaintiff will rely on documents to establish the special facts he must show,

14   Defendant is entitled to those documents.  If responsive documents exist but are not in Plaintiff's

15   possession, Plaintiff should state whether inspection will be allowed or, if not, why.

16         Plaintiff will be required to serve a further supplemental response to Request for

17   Production No. 4, and either produce responsive documents, state whether inspection will be

18   permitted, or make a proper objection.

                              Request for Production No. 5

20           All DOCUMENTS which support your claim that Officer Jonathan
             Sheldon used excessive force against you during the INCIDENT.

22           ECF No. 62-4, pg. 19 (Exhibit B to Deedon declaration).

23         In his supplemental response, Plaintiff stated: "Requesting evidence already

24   obtained or beyond plaintiff [sic] ability to reference too."  ECF No. 62-4, pg. 98 (Exhibit J).

25   Defendant contends this response is insufficient because Plaintiff references responsive

26   documents but fails to do so with particularity.  See ECF No. 62-2, pg. 7.

27

28         [8]        The Court has ordered a further supplemental response to Interrogatory No. 24.

24

1   The Court agrees.  While Plaintiff states that responsive documents have already

2   been obtained, he does not identify such documents in a way that Defendant can confirm the

3   contention and locate responsive documents.  Moreover, given that no responsive documents

4   have been produced, this response is somewhat evasive.  Finally, to the extent Plaintiff states that

5   responsive documents are not in his possession, he does not identify them or state whether

6   inspection will be permitted.  Plaintiff will be required to serve a further supplemental response to

7   Request for Production No. 5, and either produce responsive documents or allow Defendant to

8   inspect responsive documents.

9                          Request for Production No. 6

10                  All photographs, videos, and/or diagrams of your claimed injuries
                    and/or damages from the INCIDENT.

11

12                  ECF No. 62-4, pg. 19 (Exhibit B to Deedon declaration).

13          In his supplemental response, Plaintiff stated: "You have as [sic] a question unable

14   to respond too [sic]."  ECF No. 62-4, pg. 98 (Exhibit J).  Defendant argues this response is

15   insufficient because plaintiff does not state any proper objection and it is unintelligible.  See ECF

16   No. 62-2, pg. 7.

17          Plaintiff's response is inadequate.  It appears Plaintiff is attempting to interpose an

18   objection.  The basis of the objection is unclear because Plaintiff does not explain why he is

19   unable to respond to the request.  Nor has Plaintiff stated that a reasonable inquiry has been made

20   to ascertain information that would allow him to fairly respond.  The request is clear – if Plaintiff

21   has in his possession, custody, or control any photographs, videos (other than the video Defendant

22   identifies as "Exhibit A," which Defendant clearly already has), or diagrams showing Plaintiff's

23   alleged injuries, Defendant is entitled to have them.  Plaintiff will be required to serve a further

24   supplemental response to Request for Production No. 6, and either produce responsive

25   documents, state whether inspection will be permitted, or make a proper objection.

26   / / /

27   / / /

28   / / /

<u>Request for Production No. 7</u>

All photographs, videos, and/or diagrams which relate to the incident.

ECF No. 62-4, pg. 19 (Exhibit B to Deedon declaration).

In his supplemental response, Plaintiff stated: "Requested a video, already in the possession of the defendant and counsel."  ECF NO. 62-4, pg. 98 (Exhibit J).  Defendant argues this response fails to raise a proper objection.  <u>See</u> ECF No. 62-2, pg. 8.  Defendant also contends Plaintiff's response does not address photographs or diagrams.  <u>See</u> <u>id.</u>

The Court agrees that Plaintiff's response is insufficient in that it does not address the possible existence of photographs or diagrams.  The Court also agrees with Plaintiff that the video identified by Defendant as "Exhibit A" is already in Defendant's possession.  As such, Plaintiff's response is adequate as to the video of the incident marked as "Exhibit A."  Plaintiff will nonetheless be required to serve a further supplemental response to Request for Production No. 7, and either produce responsive documents, state whether inspection will be permitted, or make a proper objection.

<u>Request for Production No. 8</u>

All reports which describe or relate to the INCIDENT.

ECF No. 62-4, pg. 20 (Exhibit B to Deedon declaration).

In his supplemental response, Plaintiff stated: "Document requested is accessible to the defendant through freedom of information act or filing discovery by duces tecum on Shasta County Sheriff Department."  ECF No. 62-4, pg. 98 (Exhibit J).  Defendant argues Plaintiff fails to raise a proper objection or identify responsive documents with sufficient specificity.  <u>See</u> ECF No. 62-2, pg. 8.

Plaintiff's response is inadequate.  Plaintiff in essence objects on the basis that responsive documents exist but are equally accessible to Defendant, either by making a request under the Freedom of Information Act or by a subpoena directed to the Shasta County Jail.  This suggests the possibility that there are documents in addition to documents which may be available from the Shasta County Jail, but Plaintiff has not so stated with any clarity.  Moreover, "[a]ll

26

reports" encompasses documents which might not be accessible through a Freedom of Information Act request or subpoena to the jail, such as privately held documents by investigators, for example.  Plaintiff will be required to serve a further supplemental response to Request for Production No. 8, and either produce responsive documents, state whether inspection will be permitted, or make a proper objection.

Request for Production No. 9

> All written and/or recorded statements which describe or relate to the INCIDENT.

ECF No. 62-4, pg. 20 (Exhibit B to Deedon declaration).

In his supplemental response, Plaintiff stated: "The said documents has [sic] not been obtained, but as soon as obtainment [sic], I will forward one copy to the Defendant or counsel location."  ECF No. 62-4, pg. 98 (Exhibit J).  Defendant asserts Plaintiff fails to state a proper objection and, while Plaintiff referenced documents, he did not do so with sufficient specificity.  See ECF No. 62-2, pg. 8.

This response is inadequate because Plaintiff does not identify the responsive documents which he asserts have not yet been obtained, nor does he state whether a reasonable inquiry has been made.  Plaintiff will be required to serve a further supplemental response to Request for Production No. 9, and either produce responsive documents or allow Defendant to inspect responsive documents.

Request for Production No. 10

> All medical records which refer or relate to the injuries you claim are a result of the INCIDENT.

ECF No. 62-4, pg. 20 (Exhibit B to Deedon declaration).

In his supplemental response, Plaintiff stated: "The medical record of heart injury, and all other illness was held in the Shasta County Jail medical facility, in which is not accessible to Plaintiff."  ECF No. 62-4, pg. 98 (Exhibit J).  Defendant contends Plaintiff's response is insufficient because he fails to identify responsive documents with specificity.  See ECF No. 62-2, Pg. 8.

/ / /

1                 Plaintiff's response is inadequate because, while he stated that responsive

2    documents exist but are not in his possession, he has not stated whether he will permit inspection

3    of his Shasta County Jail medical file.  Plaintiff will be required to serve a further supplemental

4    response to Request for Production No. 10, and either produce responsive documents or allow

5    Defendant to inspect responsive documents.

6                   Request for Production No. 11

7                 Your entire inmate file, including booking, classification,
                     placement, disciplinary, and/or medical records, from Shasta

8                 County Jail.

9                 ECF No. 62-4, pg. 20 (Exhibit B to Deedon declaration).

10             In his supplemental response, Plaintiff stated: "The criminal hall of justice, or the

11    County of Shasta would have the records of criminal history, these record [sic] are not accessible

12    to a Prisoner at Folsom State Prison."  ECF No. 62-4, pg. 98 (Exhibit J). Defendant argues

13    Plaintiff fails to identify responsive documents with specificity.  See ECF No. 62-2, pg. 8.

14                   Plaintiff in essence objects that responsive documents are not in his possession.

15    This response is not adequate because, as with other responses discussed herein, Plaintiff does not

16    state whether he will permit inspection of his Shasta County Jail file.  Plaintiff will be required to

17    serve a further supplemental response to Request for Production No. 11, and either produce

18    responsive documents, state whether inspection will be permitted, or make a proper objection.

19                   Request for Production No. 12

20                 Your entire inmate file, including booking, classification,
                     placement, disciplinary, and/or medical records, from the

21                 California Department of Corrections.

22                 ECF No. 62-4, pg. 20 (Exhibit B to Deedon declaration).

23             In his supplemental response, Plaintiff stated: "The medical record in which you

24    are seeking are held within the California Department of Corrections and Rehabilitation for and at

25    Folsom State Prison 300 Prison Road, Folsom California 95761."  ECF No. 62-4, pg. 99 (Exhibit

26    J). Defendant argues Plaintiff fails to identify responsive documents with specificity.  See ECF

27    No. 62-2, pg. 8.

28    / / /

1    The Court finds Plaintiff's response is inadequate because, while he states

2  responsive documents are not in his possession, he does not state whether he will permit

3  inspection or object.  Plaintiff shall serve a further supplemental response to Request for

4  Production No. 12 indicating whether he will permit inspection of his medical file at Folsom State

5  Prison and, if not, why.

6                              Request for Production No. 13

7    All DOCUMENTS related to your arrest, charges, and/or
    conviction for the offense which lead to your incarceration on the
8    date of the INCIDENT.

9    ECF No. 62-4, pg. 20 (Exhibit B to Deedon declaration).

10    In his supplemental response, Plaintiff stated: "The defendant is seeking record or

11  discovery of record held in the county of arrest, or the arresting agency, in which is not available

12  to the Plaintiff at the current time."  ECF No. 62-4, pg. 99 (Exhibit J).  Defendant argues

13  Plaintiff's response is inadequate because he does not identify responsive documents with

14  specificity.  See ECF No. 62-2, pgs. 8-9.

15    Defendant bears the initial burden of showing that the discovery sought is relevant.

16  Here, Defendant seeks, among other things, all documents related to the conviction underlying his

17  incarceration at the time of the incident.  This extremely broad request would include every single

18  document in the District Attorney's file, which may be subject to privilege, documents in

19  Plaintiff's defense counsel's file, which may also be subject to privilege, as well as all documents

20  in the state courts' records.  Defendant has not explained how such broad discovery is relevant.

21  While the Court recognizes that evidence of convictions for certain prior offenses may be relevant

22  for purposes of impeachment, Defendant casts far too wide a net for such specific information.  In

23  this regard, the Court observes that criminal convictions would generally be a matter of public

24  record reasonably available to Defendant, particularly in light of Plaintiff's pro se and

25  incarcerated status.

26    Defendant's motion will be denied as to Request for Production No. 13.

27  Defendant may serve an amended request which is more narrowly tailored.

28  / / /

29

1

<u>Request for Production No. 14</u>

2

All DOCUMENTS that refer or relate to any felony you have ever
been arrested for, charges with, and/or convicted of.

3

ECF No. 62-4, pg. 20 (Exhibit B to Deedon declaration).

4

5

In his supplemental response, Plaintiff stated: "The record in which the Defendant

6

and counsel is seeking is not accessable [sic] to the prisoner at Folsom State Prison and in main

7

prison population." ECF No. 62-4, pg. 99 (Exhibit J). Defendant contends Plaintiff's response is

8

inadequate because he does not identify responsive documents with specificity. <u>See</u> ECF No. 62-

9

2, pg. 9.

10

As with Request for Production No. 13, this request encompasses an enormous

11

universe of potentially responsive documents, and Defendant has not explained how all the

12

documents in this universe are relevant to a claim or defense. Defendant's motion will be denied

13

as to Request for Production No. 13. Defendant may serve an amended request which is more

14

narrowly tailored.

15

<u>Request for Production No. 15</u>

16

All DOCUMENTS that refer or relate to any misdemeanor you
have ever bene arrested for, charged with, and/or convicted of.

17

ECF No. 62-4, pg. 20 (Exhibit B to Deedon declaration).

18

19

In his supplemental response, Plaintiff stated: "The arrest history and arresting

20

agency has not proided [sic] the record as defendant seeks to discovery from the plaintiff." ECF

21

No. 62-4, pg. 99 (Exhibit J). Defendant contends Plaintiff's response is inadequate because he

22

does not identify responsive documents with specificity. <u>See</u> ECF No. 62-2, pg. 9. Defendant

23

also argues the response is unintelligible. <u>See</u> <u>id.</u>

24

Again, as with Request for Production Nos. 13 and 14, in referencing documents

25

related to convictions, this request encompasses an enormous universe of potentially responsive

26

documents. Defendant's motion will be denied as to Request for Production No. 13. Defendant

27

may serve an amended request which is more narrowly tailored.

28

/ / /

1

Request for Production No. 16

2

All DOCUMENTS containing any correspondence which refers or
relates to the INCIDENT.

3

4

ECF No. 62-4, pg. 20 (Exhibit B to Deedon declaration).

5

In his supplemental response, Plaintiff objected that the request is ambiguous.  See

6

ECF No. 62-4, pg. 99 (Exhibit J).  Defendant contends Plaintiff fails to raise a proper objection.

7

See ECF No. 62-2, pg. 9.

8

Plaintiff's objection is sustained.  The Court agrees that "documents containing

9

any correspondence" is ambiguous given that correspondence is generally kept in the form of

10

documents.  Defendant may serve an amended request.

11

Request for Production No. 17

12

Any and all reports, memoranda, or findings of any investigation
conducted of the INCIDENT, whether by you or someone acting
on your behalf.

13

14

ECF No. 62-4, pg. 20 (Exhibit B to Deedon declaration).

15

In his supplemental response, Plaintiff objected that the request is unclear,

16

confusing, and overbroad.  See ECF No. 62-4, pg. 100 (Exhibit J).  Defendant asserts Plaintiff

17

fails to raise a proper objection.  See ECF No. 62-2, pg. 9.

18

Plaintiff's objection is overruled.  The Court finds the request is adequately clear

19

and not overly broad.  Plaintiff shall serve a further supplemental response to Request for

20

Production No. 17.

21

Request for Production No. 18

22

All written statements, reports of oral statements, or any other
memoranda reflecting the statements of any party to this lawsuit,
or any other persons concerning the INCIDENT.

23

24

ECF No. 62-4, pg. 21 (Exhibit B to Deedon declaration).

25

In his supplemental response, Plaintiff stated: "The matter view in the video

26

reference to res ispa [sic] loquitur: the thing that speak for itself."  ECF No. 62-4, pg. 100

27

(Exhibit J).  Defendant contends Plaintiff's response is unintelligible and references a video with

28

insufficient specificity.  See ECF No. 62-2, pg. 9.

Given that, as discussed below, Plaintiff refused to fully admit that the video is an authentic and accurate representation of events, the Court finds Plaintiff's reference to the doctrine of res ipsa loquitur to be evasive. Plaintiff cannot simultaneously assert the video speaks for itself and refuse to admit to its authenticity and accuracy. Moreover, Plaintiff's response does not address written statements, reports of oral statements, or other memoranda regarding the incident. Plaintiff does not state whether any sort of investigation was undertaken to locate responsive documents. And Plaintiff has not raised any objection.

Plaintiff shall be required to serve a further supplemental response to Request for Production No. 18, and either produce responsive documents or allow Defendant to inspect responsive documents.

### 3.   Requests for Admissions

Defendant propounded 14 requests for admissions. See ECF No. 62-4, pgs. 24-29 (Exhibit C to Deedon declaration). Defendant asserts Plaintiff's responses to Request for Admission Nos. 4, 5, 7, 9, 11, 12, 13, and 14 either fail to admit or deny or fail to respond at all. See ECF No. 62-1, pg. 11. Plaintiff has not filed an opposition.

Under Federal Rule of Civil Procedure 36, a party may be asked to admit the truth of any matter within the scope of Rue 26(b)(1) as to the facts, application of law to the facts, or opinions about either. See Fed. R. Civ. P. 36(a)(1)A). Additionally, the propounding party may ask the responding party to admit to the genuineness of any described evidence. See Fed. R. Civ. P. 36(a)(1)(B). If a matter is not admitted, the responding party must specifically deny it or state in detail why the matter cannot be admitted or denied. See Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter, and when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest. . . ." Id. A party may only assert lack of information or knowledge if the party also states a reasonable inquiry has been made and that the information known is insufficient to admit or deny. See id. Finally, if the court determines that an answer does not comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

32

1       The Court will consider Defendant's argument in the context of each of the

2   disputed requests for admissions and supplemental responses thereto and the requirements of

3   Rule 36.

4                       Request for Admission No. 4

5           Admit that, minutes prior to the INCIDENT, you saw another
            inmate in the interview room at the Shasta County Jail and called
6           him a "snitching ass nigga."

7           ECF No. 62-5, pg. 25 (Exhibit C to Deedon declaration).

8       In his supplemental response, Plaintiff stated: "Admit in part and deny in part as I

9   do not recall the language in which was used when I was speaking to someone known by me."

10  ECF No. 62-4, pg. 106 (Exhibit J).  Defendant argues this response is insufficient because

11  Plaintiff fails to specify which part is admitted and which part is denied, Plaintiff fails to agree to

12  an alternately worded request or stipulation, and Plaintiff does not state a reasonable inquiry has

13  been made.  See ECF No. 62-2, pg. 9.

14      The Court finds Plaintiff's response is insufficient because, though he asserts a

15  lack of knowledge, he does not state that a reasonable inquiry has been made.  Plaintiff will be

16  required to serve a further supplemental response to Request for Admission No. 4.  To the extent

17  Plaintiff admits he said something to another inmate in the interview room minutes prior to the

18  incident, but cannot remember the precise words he used, Plaintiff should state what he said to the

19  best of his recollection.

20                      Request for Admission No. 5

21          Admit that, immediately prior to the INCIDENT, you ignored
            several commands from the Shasta County Sheriff Deputies to get
22          on the elevator and stop causing a disturbance

23          ECF No. 62-5, pg. 25 (Exhibit C to Deedon declaration).

24      In his supplemental response, Plaintiff stated: "Deny in part, and admit in part with

25  explanation; I spoke in the direction of Jonathan Sheldon after he aggressively intruded my escort

26  security to commit an assault upon my person in a hostile manner or imposed fear or punishment

27  using a [sic] ill will or ergregious [sic] impose ill usage of unnecessary force or excessive force."

28  ECF No. 62-4, pg. 106 (Exhibit J).  Defendant contends this response is inadequate because the

1   information provided is not responsive to the request, Plaintiff fails to specify which part is

2   admitted and which part is denied, and Plaintiff fails to state that a reasonable inquiry has been

3   made.  See ECF No. 62-2, pg. 10.

4      The Court agrees.  While Plaintiff purports to admit the request in part, he does not

5   state that he ignored commands and/or orders prior to the incident.  He only states that he "spoke

6   in the direction" of Defendant.  Likewise, though Plaintiff denied the request in part, he does not

7   specifically state that he obeyed any commands and/or orders prior to the incident.  Nor has

8   Plaintiff stated whether a reasonable inquiry has been made to ascertain information upon which

9   to base a more clear response.  If Plaintiff admits that he ignored any commands and/or orders

10  prior to the incident, Defendant is entitled to know.  Plaintiff will be required to serve a further

11  supplemental response to Request for Admission No. 5.

12          Request for Admission No. 7

13      Admit that, immediately prior to the INDICENT, you began
    yelling at Officer Jonathan Sheldon

14

15      ECF No. 62-5, pg. 26 (Exhibit C to Deedon declaration).

16     In his supplemental response, Plaintiff stated: "Denied in part admit in part; yelling

17  only occurred when Jonathan Sheldon breach the escort security of two deputies to commit his

18  unwanton [sic] act of assault."  ECF No. 62-4, pg. 107 (Exhibit J).  Defendant argues Plaintiff's

19  response is insufficient because the information provided is not responsive to the request, Plaintiff

20  fails to specify which part is admitted and which part is denied, and Plaintiff fails to state that a

21  reasonable inquiry has been made.  See ECF No. 62-2, pg. 10.

22     The Court finds that Plaintiff's response fairly addresses the request.  The request

23  asks Plaintiff to admit that he began yelling at Defendant Sheldon "immediately prior" to the

24  incident.  In response, Plaintiff stated yelling "only occurred" when Defendant Sheldon "breach

25  the escort security."  This would be either at the time of or after the incident, not prior.  Because

26  Plaintiff states yelling only occurred at the time of or after the incident, he is necessarily claiming

27  there was no yelling by anyone prior to the incident.  Plaintiff, therefore, essentially denies the

28  request.

1    <u>Request for Admission No. 9</u>

2    Admit that, following the incident, you were written up for several

3    violations.

4    ECF No. 62-5, pg. 26 (Exhibit C to Deedon declaration).

5    In his supplemental response, Plaintiff stated: "Admit in part and deny in part; the

6    information filed in the incident report was depicting only the act, action of Timothy Solomon; as

7    the writer was making attempt to eliminate the report of Jonathan Sheldon act of attacking a black

8    male." ECF No. 62-4, pg. 107 (Exhibit J). Defendant argues Plaintiff's response is insufficient

9    because the information provided is not responsive to the request, Plaintiff fails to specify which

10    part is admitted and which part is denied, and Plaintiff fails to state that a reasonable inquiry has

11    been made. <u>See</u> ECF No. 62-2, pg. 10.

12    The Court agrees with Defendant that Plaintiff's response fails to address the

13    request. The request asks Plaintiff to admit that following the incident, he was "written up" for

14    violations. Rather than saying whether he was or was not, Plaintiff describes an incident report

15    he claims is racially biased. Plaintiff does not admit or deny whether the incident report was

16    written for violations. Plaintiff shall be required to serve a further supplemental response to

17    Request for Admission No. 9.

18    <u>Request for Admission No. 11</u>

19    Admit that you have no medical expenses as a result of the

20    INCIDENT.

21    ECF No. 62-5, pg. 26 (Exhibit C to Deedon declaration).

22    In his supplemental response, Plaintiff stated: "Assume fact that is beyond my

23    ability to make reference too [sic]; I have no knowledge of CDCR Health Care billing process."

24    ECF No. 62-4, pg. 107 (Exhibit J). Defendant contends Plaintiff fails to answer the request and

25    fails to make a proper objection. <u>See</u> ECF No. 62-2, pg. 10.

26    / / /

27    / / /

28    / / /

35

1      While the Court appreciates that, as an inmate, Plaintiff does not have ready access

2  to information, Rule 36 requires a responding party to at least state what efforts were made to

3  obtain information.  Plaintiff has not done so here.  Plaintiff shall be required to serve a further

4  supplemental response to Request for Admission No. 11 in which he either admits or denies the

5  matter or explains the efforts he undertook to ascertain the billing information related to any

6  claimed medical expanses resulting from the incident.  As discussed above, it is unclear whether

7  Plaintiff has any medical expenses at all, whether paid by the prison or charged to him.  To the

8  extent he does not, Defendant is entitled to the admission.  To the extent he does, Defendant is

9  entitled to an explanation consistent with Defendant's other discovery requests.

10                          Request for Admission No. 12

11           Admit that you have not sought any medical treatment as a result
             of any injury or condition incurred as a result of the subject
12           incident.

13                  ECF No. 62-5, pg. 26 (Exhibit C to Deedon declaration).

14      In his supplemental response, Plaintiff stated: "Admit and deny; I was confined to

15  jail cell after the incident, and psychological or psyche care and treatment was not available to

16  address the humiliate, shame, embarrassment, anxiety, fears, oppression, and frustration, from

17  being assault [sic] being defenseless while being prevented to defend."  ECF No. 62-4, pg. 107

18  (Exhibit J).  Defendant argues Plaintiff's response is insufficient because the information

19  provided is not responsive to the request, Plaintiff fails to specify which part is admitted and

20  which part is denied, and Plaintiff fails to state that a reasonable inquiry has been made.  See ECF

21  No. 62-2, pg. 10.

22      The Court agrees with Defendant.  Plaintiff's response is evasive in that he fails to

23  specify which portion of the request is admitted and which portion is denied.  Nor has Plaintiff

24  clearly stated why he cannot fairly admit or deny.  Plaintiff's response suggests he believed

25  medical care was not available because he was "confined to jail cell after the incident."  This,

26  however, does not address whether Plaintiff nonetheless sought medical treatment for alleged

27  injuries.  Plaintiff will be required to serve a further supplemental response to Request for

28  Production No. 12.

1    <u>Request for Admission No. 13</u>

2          The video attached to these Requests for Admission as Exhibit A is
           authentic, genuine, relevant, and material to this action.
3
           ECF No. 62-5, pg. 26 (Exhibit C to Deedon declaration).
4

5          In his supplemental response, Plaintiff stated: "Admit to the knowledge the video

6    reflects being escorted by two Deputies, having knowledge of heart injury, and by security escort

7    was breach by Jonathan Sheldon in his aggressive act to pounce upon, charge at, advance upon

8    Plaintiff to successfully strike, push a [sic] obvious restricted person with limitation movement by

9    the mindframe to imposed [sic] degradation, shame and inferiority."  ECF No. 62-4, pg. 108

10   (Exhibit J).  Defendant argues Plaintiff's response is insufficient because the information

11   provided is not responsive to the request, Plaintiff fails to specify which part is admitted and

12   which part is denied, and Plaintiff fails to state that a reasonable inquiry has been made.  <u>See</u> ECF

13   No. 62-2, pg. 10.

14         Plaintiff's response is insufficient in that it is a partial admission without specific

15   reference to the portions admitted and denied.  The video is authentic and accurate as to all of the

16   events shown, or it is not as to any of the events shown.  Plaintiff cannot pick and choose those

17   facts shown in the video to which he will admit authenticity and accuracy.  Plaintiff will be

18   required to serve a further supplemental response to Request for Admission No. 13.

19   <u>Request for Admission No. 14</u>

20         The video footage contained in the attached Exhibit A is a true and
           accurate representation of the INCIDENT.
21
           ECF No. 62-5, pg. 27 (Exhibit C to Deedon declaration).
22

23         In his supplemental response, Plaintiff stated: "Based on video footage has not

24   been made available to the plaintiff, I am reserving the response."  ECF No. 62-4, pg. 108

25   (Exhibit J).  Defendant argues this response fails to answer the request or state a proper objection.

26   <u>See</u> ECF No. 62-2, pg. 11.  Defendant also argues: "PLAINTIFF was able to view the video as

27   confirmed by the litigation coordinator at the prison where he is housed."  <u>Id.</u>

28   / / /

Plaintiff's response to Request for Admission No. 14 is inconsistent with his response to Request for Admission No. 13 and, as such, the Court finds the response to be evasive. Plaintiff cannot in good faith admit, as he does in response to Request for Admission No. 13, to the authenticity and accuracy of a cherry-picked set of events shown in the video and, as he does in Request for Admission No. 14, assert he has not seen the video. Consistent with the Court's ruling as to Request for Admission No. 13, Plaintiff will be required to serve a further supplemental response to Request for Admission No. 14.

### B.    Sanctions

Under Federal Rule of Civil Procedure 37(a)(5)(A), the Court must award reasonable expenses to a party who prevails on a motion to compel. If, as here, the motion is granted in part and denied in part, the Court may apportion the reasonable expenses for the motion. See Fed. R. Civ. Pro. 37(a)(5)(C). Thus, while the Court must award some amount of expenses associated with Defendant's motion, the Court retains discretion to determine whether expenses requested by Defendant are reasonable and whether and in what amount expenses should be apportioned to the extent the motion is not being granted in full.

Defendant seeks reasonable expenses in the amount of $4,960.00. See ECF No. 62-1, pg. 12. According to Defendant, the reasonableness of his request is shown in the attached Werner declaration. See id. In the attached declaration, Ms. Werner states she spent 29 hours on the motion to compel. See ECF No. 62-3, pg. 2. Ms. Werner also states she anticipates expending an additional two hours reviewing Plaintiff's opposition and preparing a reply. See id. Ms. Werner further states her fee is $160.00/hour. Based on Ms. Werner's declaration, Defendant seeks reasonable expenses in the amount of $4,960.00 (31 hours times a rate of $160.00/hour).

Because Plaintiff did not oppose the motion, Defendant's counsel was not required to expend any time to review an opposition brief and prepare a reply. Therefore, the Court finds that $320.00 (two hours times a rate of $160.00/hour) is not a reasonable expense associated with the motion. The requested award of expenses will be reduced by this amount.

/ / /

/ / /

1    The requested award will be further reduced to reflect apportionment because

2    Defendant's motion is not granted in full.  In particular, as discussed above, the Court denies

3    Defendant's motion as to Request for Production Nos. 14-17 and Request for Admission No. 7.

4    This represents five of the 51 discovery requests at issue (25 interrogatories; 18 requests for

5    production; 8 requests for admissions), or 9.8%.  After accounting for the reduction for time not

6    spent on the motion, the Court will further reduce the award by 9.8%.

7    The following summarizes the Court's final award calculation:

8          Amount Requested         $4,960.00

9          *Time not spent (2 hrs.)*    *- $320.00*

10         SUBTOTAL             $4,640.00

11         *Apportionment (9.8%)*   *- $454.72*

12         TOTAL AWARD       $4,185.28

13   The Court recognizes that this award represents a significant penalty to Plaintiff,

14   who is an incarcerated litigant proceeding pro se.  The Court also recognizes, however, that

15   Plaintiff's various responses to Defendant's discovery indicates a degree of gamesmanship and

16   evasiveness on Plaintiff's part.  The Court also notes that Defendant's counsel expended a

17   reasonably significant amount of time – 29 hours – presenting Defendant's motion to compel to

18   the Court.  Plaintiff squandered an opportunity to mitigate Defendant's expenses by failing to

19   meaningfully respond to Defendant's meet-and-confer offers of compromise.

20   It is clear to the Court that, had Plaintiff attempted to meet Defendant's objections

21   in good faith, much of the current discovery dispute could have been resolved without the need

22   for Court intervention.  For this reason, the Court declines to exercise its discretion to further

23   reduce the award of expenses to Defendant.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

### III. CONCLUSION

For the reasons outlined above, Defendant's motion to compel will be granted in part and denied in part and Plaintiff will be required to provide further supplemental responses to Defendant's discovery requests, with the exception of Request for Production Nos. 14-17 and Request for Admission No. 7. Plaintiff will also be required to pay reasonable and apportioned expenses to Defendant. Plaintiff is cautioned that failure to comply with the Court's orders will result in the imposition of sanctions, which may include monetary or terminating sanctions, or both. See Local Rule 110.

With respect to further supplemental responses to requests for production ordered herein, Plaintiff has the option under Rule 34 of allowing Defendant to inspect responsive documents which are not in his possession. This circumstance is largely unavoidable due to Plaintiff's status as an incarcerated pro se litigant. Where Plaintiff is willing to permit inspection of responsive documents, the Court expects the parties to work together in good faith to prepare and execute any necessary releases or authorizations.

Finally, because the Court orders additional discovery responses be provided, the Court will by separate order issued herewith modify the schedule for this litigation to allow sufficient time for additional discovery responses to be prepared and served by Plaintiff, and for Defendant to respond, either by way of limited follow-up discovery requests, another motion to compel, or a motion for sanctions in the event Plaintiff fails to comply with this order. The modified schedule will also allow meaningful time for Plaintiff to comply with the order to pay Defendant reasonable expenses.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel, ECF No. 62, is granted in part and denied in part;

2. Defendant's motion to compel is denied as to Requests for Production Nos. 14-17 and Request for Admission No. 7;

3. Defendant's motion to compel is granted as to all other discovery requests discussed above;

4. Defendant is awarded reasonable and apportioned expenses in the amount of $4,185.28;

5. Within 90 days of the date of this order, Plaintiff shall serve on Defendant further supplemental responses to Defendant's interrogatories, set one, requests for production, set one, and requests for admissions, set one, as further explained above;

6. Plaintiff's further supplemental answers to Defendant's interrogatories, set one, shall be signed and sworn or attested to be true under penalty of perjury;

7. Within 90 days of the date of this order, Plaintiff shall pay to Defendant, through his counsel, reasonable and apportioned expenses in the amount of $4,185.28; and

8. If Plaintiff agrees to inspection of responsive documents, counsel for Defendant shall extend to Plaintiff the utmost professional courtesy in, for example, preparation and presentation to Plaintiff for his approval any necessary releases or authorizations for documents such as medical records and Plaintiff's inmate records.


Dated:  March 4, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE